[L. A. No. 16773. In Bank.—April 23, 1940.]

JAMES C. McDONALD, Appellant, v. HELEN KATHER-INE MORLEY, Executrix, etc., Respondent.

HELEN K. MORLEY, Respondent, v. JAMES C. McDON-ALD, Appellant.

Arthur E. Schifferman for Appellant. .

Dana Ong and Le Roy Anderson for Respondents.

EDMONDS, J.—Under a contract made by the appellant and Evelyn McDonald, his wife, before their divorce, they agreed to a disposition of the real property which is here in controversy. She subsequently died and the judgment appealed from upholds the contentions of the respondent, who is their daughter, that she succeeds to an undivided one-half interest in it under her mother's will. The rights of the parties depend upon a provision of the property settlement agreement concerning joint tenancy.

The agreement recites that the property shall ''be and remain in Joint Tenancy, as it now stands, until such property can be sold for a sum of not less than ten thousand dollars . . . [that amount] or such other sales price as the parties may agree upon . . . to be equally divided between the parties hereto. It is further understood and agreed that . . . [Mrs. McDonald] shall pay for all repair work on said property that may be found necessary by . . . [her], and further that . . . [she] shall receive all income from this property until such time as same can be sold''. Other provisions of the contract are that Mrs. McDonald shall have the right to reside on the property until it is sold or she desires to reside elsewhere; that she may operate a school thereon and receive all income therefrom as her separate property; and that each of the parties shall pay one-half of the ''interest on present loan'', taxes, insurance, and other carrying charges.

The parties also agreed that in the event of the death of either of them, then ''his or her share and interest therein shall become the property of their daughter, Helen K. Morley''. A further provision is that for the protection of Mrs. Morley, ''a suitable legal instrument shall be made by each of the parties''. This requirement was not complied with, nor was the property sold.

The appellant's action is against his daughter in her capacity as executrix of her mother's will, of which she is the sole beneficiary, and as an individual, to quiet title to the property. She filed an answer denying the allegations of the complaint and claiming title in herself. By a cross-com-

plaint, she alleged that the contract made by him and her mother entitled her to declaratory relief, specific performance of the provisions of the agreement by a conveyance of appellant's interest in the property to her, and a determination by the court that he is now holding his interest in trust for her. A demurrer to the cross-complaint was sustained without leave to amend, but no appeal has been taken from that ruling.

Mrs. Morley later filed a separate suit against her father, claiming that she is entitled to the undivided one-half interest in the property which belonged to her mother. She also asked the court to require the appellant to convey his interest in the property, subject to a life estate in his favor, to her. He demurred generally and specially, and moved to strike the complaint. The motion was denied and the demurrers overruled. He then filed an answer which included nine affirmative defenses and two counts by way of cross-complaint. In the cross-complaint he demanded damages for malicious prosecution upon the ground that the same cause of action was asserted by his daughter in her cross-complaint to the action to quiet title. He also sought to recover rent of the property.

The two actions were consolidated and upon trial the court rendered judgment that the estate of Evelyn McDonald and James C. McDonald are each entitled to an undivided one-half interest in the real property and also to one-half of its income after Mrs. McDonald's death, with carrying charges to be apportioned accordingly. A further provision is that, in accordance with the terms of Mrs. McDonald's will, the respondent is entitled to her mother's share of the property, subject to administration. The appeal is from this judgment.

The appellant's main contention is that the trial court erred in construing the property settlement agreement. He takes the position that as the property was to "be and remain in joint tenancy" until sale, there could be no severance of the joint tenancy until that event occurred, hence, he is now entitled to his former wife's interest in it by virtue of his right of survivorship. He also insists that the provision concerning his daughter's right to the property in the event of his or Mrs. McDonald's death was ineffective for any purpose because the "legal instruments" contemplated by the

parties were never executed. Another point relied upon by him is that the complaint filed by his daughter does not state a cause of action in equity, and the court erred in refusing to hear evidence upon his cross-complaint for malicious prosecution.

The trial court found "that the right of survivorship of the joint tenancy was severed between the parties by agreement" and, more particularly, that it was their intention to do so. It also found that Mrs. McDonald carried out the terms of this agreement by making a will, and that so far as its provisions concern the disposition of the property after the death of either of the parties, it was made for the benefit of the respondent.

█ At the time when Mr. and Mrs. McDonald made their agreement, they held title to the property "as joint tenants". Such an estate requires unity of interest, unity of title, unity of time, and unity of possession. (*DeWitt* v. *San Francisco,* 2 Cal. 289; *Siberell* v. *Siberell,* 214 Cal. 767 [7 Pac. (2d) 1003]; *Swartzbaugh* v. *Sampson,* 11 Cal. App. (2d) 451 [54 Pac. (2d) 73]; Tiffany, "Real Property", 3d ed., vol. 2, sec. 418.) A distinguishing incident of it is the right of survivorship. (*Siberell* v. *Siberell, supra.*) █ But by their contract the parties specifically provided that if either one of them died, the interest of that one should not go to the survivor but to the daughter. This is entirely inconsistent with an estate in joint tenancy, which was thereby terminated. (*Delanoy* v. *Delanoy,* 216 Cal. 23 [13 Pac. (2d) 513].) Thereafter, Mr. and Mrs. McDonald were tenants in common with separate descendible interests.

█ It is immaterial whether the respondent's complaint stated a cause of action, because the evidence fully supports the findings which compelled the judgment rendered. This judgment is upon the issues presented by the appellant's complaint to quiet title and the respondent's answer thereto. She was given no relief upon the cause of action alleged in her complaint. █ Also, the appellant is in no position to complain that he was not allowed to offer evidence upon his cross-complaint charging malicious prosecution. When the allegations of this pleading were called to the attention of the trial judge, after some discussion counsel for appellant said, "All right, we won't urge that." This statement

was, in effect, a renunciation of any right the appellant may have had to a trial of his alleged cause of action for damages.

The judgment is affirmed.

Gibson, J., Carter, J., Houser, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.