[Civ. No. 7738.   Third Dist.   Aug. 17, 1950.]

ANNA MARIE YEOMAN, as Administratrix, etc., Appellant,
v. EDITH SAWYER, Respondent.

Clewe, Deahl & McClarrinon and Robert V. Blade for Appellant.

Charles H. Andrews for Respondent.

PEEK, J.—Anna Marie Yeoman, as administratrix of the estate of Carl Heckart, deceased, commenced this action to quiet title to certain real property situated in Butte County, the complaint containing the usual allegations of such an action.   Defendant Edith Sawyer, also known as Edith Heckart, filed an answer denying the principal allegations of the complaint, and in addition cross-complained to quiet title in herself, alleging that she and the deceased, Carl Heckart, had taken title to the property as joint tenants by a deed

dated January 2, 1947; and that by a decree of the Superior Court of Butte County dated August 30, 1948, terminating said joint tenancy, she became the sole owner and entitled to the possession of said property. The cause proceeded to trial, at the conclusion of which the court found that the defendant and cross-complainant was the owner of the land in question and that plaintiff had no interest therein. Judgment was accordingly entered quieting title in defendant and cross-complainant, from which plaintiff administratrix prosecutes this appeal.

It appears from the record that the decedent was a married man whose spouse was an inmate of a mental institution in the State of Missouri, which facts were known to defendant. Decedent came to California and first met respondent in September, 1937. After a lapse of some two or three months, decedent and respondent commenced living together as man and wife in Butte County and continued to do so until decedent's death. During this time they purchased and sold several parcels of real property. The property here in dispute was the last parcel so purchased. Decedent contributed one-half of the purchase price from funds derived from his earnings and respondent contributed the other half from her separate property. A deed was executed and delivered in the names of deceased and respondent as joint tenants.

Appellant's sole contention is that since decedent contributed community funds and respondent contributed separate funds toward the purchase of the property, a valid joint tenancy was never created. As a consequence, appellant asserts, deceased and respondent were tenants in common, each holding an undivided one-half interest separately descendible, and that appellant, as administratrix of decedent's estate, is entitled to quiet title to such one-half interest.

Respondent does not argue that a valid joint tenancy resulted but in support of the judgment argues that decedent's wife, and not appellant, is the only person authorized to maintain an action on the theory that the decedent had made an unauthorized gift of community funds voidable only at the suit of decedent's wife.

The court did not find, nor does the record contain, any evidence of a gift of community funds by decedent to respondent. Therefore the sole question for decision is whether a valid joint tenancy existed between decedent and respondent since the judgment quieting respondent's title to the entire

property and the consequent right of survivorship is necessarily dependent thereon.

We have found no case directly passing on the question involved herein. However, we are satisfied that where a husband contributes community funds toward the purchase of property, to which title is taken under a joint tenancy deed designating the husband and a person other than his wife as joint tenants, the interest thereby created is not that of joint tenants but rather of tenants in common. This is true, since, "For the creation of a joint tenancy, four unities are required, namely, unity of interest, unity of title, unity of time, and unity of possession, and the absence of any one of these elements ordinarily will change the nature of the estate." (*Hammond* v. *McArthur*, 30 Cal.2d 512, 514 [183 P.2d 1].) Thus it has been held that where husband and wife, with community funds, take title to property as joint tenants, the form of the conveyance is such as to destroy the statutory presumption that the property is community and the joint tenancy stands as such, the interest of each spouse being separate property unless the spouses intended that it should remain community property. (*Siberell* v. *Siberell*, 214 Cal. 767 [7 P.2d 1003]; *Tomaier* v. *Tomaier*, 23 Cal. 2d 754 [146 P.2d 905].)

This must follow, for, under the provisions of section 161 (a) of the Civil Code, the respective interests of the husband and wife in community property "are present, existing and equal interests." Hence, as the court stated in the Siberell case, *supra*, by applying the presumption that property standing in the name of the wife is her separate estate and that in the name of the husband is community property "it will be at once noted that there can be no unity of interest present, for the interest of the wife would be unequal to and more than that of the husband." More recently it has been held that "It is, of course, the law that one joint tenant cannot, as to the joint tenancy interest involved, own a greater share than any of the other joint tenants. . . . The theory is, that joint tenants together have but one estate and hence their interest must be equal. . . . (See Tiffany on Real Property (3d ed.) § 418, p. 196 at p. 198; 2 Jones' Blackstone, § 254, p. 955. 2 Reeves, Real Property, § 677, p. 959)." (*Estate of Galletto*, 75 Cal.App.2d 580 [171 P.2d 152].)

Turning to the reference to Tiffany on Real Property, noted in the Galletto case, the following statement is found: "Since joint tenants in theory have together but one estate, they both

necessarily have the same amount of interest. For instance, one joint tenant cannot have a one-fourth interest and the other a three-fourths interest." (§ 419.) This is the precise situation presented in the instant case, for, if the defendant Sawyer held her interest as her separate estate and if that of the decedent was the community interest of himself and his wife in which each had a present existing interest, then Sawyer's interest amounted to one-half and the decedent's and his wife's to a one-quarter interest, respectively.

If, then, a valid joint tenancy was not created under the situation herein presented, the only estate which could have been created was that of a tenancy in common, since decedent and defendant were neither husband nor wife nor were they partners. (Civ. Code, §§ 682, 686; See also *McDonald* v. *Morley*, 15 Cal.2d 409 [101 P.2d 690, 129 A.L.R. 810].)

Therefore as the parties held the property here in question as tenants in common, and as it is conceded that each party contributed equally to the acquisition thereof, upon the death of decedent the undivided one-half interest standing in his name became a "separate, descendible interest." (*McDonald* v. *Morley*, *supra*, at page 412.) It necessarily follows thaat since decedent's interest was descendible it thus was subject to administration under the provisions of section 202 of the Probate Code (*Estate of Coffee*, 19 Cal.2d 248 [120 P.2d 661]), and hence plaintiff, as administratrix thereof, was entitled to maintain her action on behalf of said estate to quiet title to said undivided one-half interest therein. (Prob. Code, § 573; Code Civ. Proc., § 369; *Rehart* v. *Klossner*, 48 Cal.App.2d 40 [119 P.2d 145].)

For the foregoing reasons the judgment is reversed, and the cause is remanded with instructions to the trial court to enter judgment quieting title in plaintiff as administratrix of decedent's estate as to an undivided one-half interest, and to enter a like judgment in favor of defendant as to the remaining undivided one-half interest.

Adams, P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied September 16, 1950.