[Civ. No. 9529.   Third Dist.   May 6, 1959.]

DOLORES P. WARDLOW, as Administratrix, etc., Appellant, v. NELLIE R. POZZI, Respondent.

Palmer & Grundstrom for Appellant.

Edward T. Koford and Bryce Swartfager for Respondent.

PEEK, J.—This is an appeal from a judgment sustaining a demurrer to plaintiff's first amended complaint without leave

to amend in an action to quiet title and for declaratory relief.

In 1944 the defendant married the decedent, Walter M. Pozzi. In 1950 they took title as joint tenants to certain real property in Sonoma County, and on October 1, 1953, the property was leased to one Wilson for a term of five years. The lease granted Wilson an option to renew, and if lessors did not desire the land for their own use, he had the first refusal to purchase the same for the sum of $30,000.

In 1954 Nellie and Walter separated, and an action for divorce was commenced by her. Prior to the institution of such action, a property settlement agreement was entered into between the parties, which agreement contained the following provisions:

"It Is . . . Agreed that said party of the first part [Walter] and the party of the second part [Nellie] shall continue to hold as joint tenants the ranch owned by them as such joint tenants, located near Fulton, Sonoma County, California; that said joint tenancy real property is now leased to one Wilson, and that all rents received shall be deposited in First National Bank of San Rafael, at Novato, California, and out of said fund shall be paid all interest, principal and taxes dues [sic] in and about said property. That at the expiration of the Wilson lease (or before) each of said parties shall have the option to purchase the other's one-half interest at an appraised valuation or that the said property shall be sold and the net proceeds divided equally between the said parties . . ."

Walter died on August 24, 1957, before the option provided for in the agreement was taken up and before any other disposition of the joint tenancy property had been made. The plaintiff and appellant, Dolores P. Wardlow, is one of Walter's children by a prior marriage and is the duly appointed and acting administratrix of his estate. On October 18, 1957, she commenced the present action against the defendant-respondent to quiet title to said property. By her complaint she alleged (1) her capacity as administratrix, (2) that Walter and Nellie were joint tenants of the subject property, (3) that Walter and Nellie had entered into a property settlement agreement by which the joint tenancy had been terminated, and that each thereupon received an undivided one-half interest in the property. The defendant demurred to the complaint on the grounds among others that insufficient facts were stated upon which to predicate a cause of action; and that the complaint was uncertain inasmuch as the terms of the alleged

property settlement were not set forth. This demurrer was sustained with leave to amend.

Thereafter plaintiff filed her first amended complaint in which she set forth the property settlement agreement in full, the fact of the divorce, the approval of said agreement by the court, and added a second cause of action for declaratory relief.

Defendant's demurrer to the first amended complaint on the ground that the facts were insufficient to constitute a cause of action, and more specifically that no facts were alleged which indicated the joint tenancy to have been severed, was sustained without leave to amend. Thereafter this appeal was taken by plaintiff.

Plaintiff's contentions on appeal are first that the property settlement agreement terminated the joint tenancy, and second that the court abused its discretion in sustaining the demurrer to her first amended complaint without leave to amend.

█ There can be no question but that a joint tenancy may be terminated by express agreement between the joint tenants and an agreement between the tenants which, although it does not expressly terminate the tenancy, is inconsistent by its terms with one or more of the four essential unities of a joint tenancy will also be adjudged to be a severance thereof. (8 Hastings L. Journal 294.) Therefore, any interference with the right of survivorship by the terms of the agreement will sever the joint tenancy relationship. (*McDonald* v. *Morley*, 15 Cal.2d 409 [101 P.2d 690, 129 A.L.R. 810].)

█ It follows that the primary question to be determined on this appeal is whether the property settlement agreement in question contained provisions inconsistent with the rights of survivorship. In this regard the pertinent portion of said agreement provides as follows: "IT IS . . . AGREED . . . that at the expiration of the Wilson lease (or before) each of the parties shall have the option to purchase the other's one-half interest . . . or that the said property shall be sold and the net proceeds divided equally between the said parties."

It is apparent from the quoted portion of the agreement that on or before the expiration of the Wilson lease, each party had the right to purchase the interest of the other at an appraised value, or, as an alternative, the property would be sold and the proceeds divided equally between them. As noted by plaintiff, at the outset their rights as joint tenants were to continue as such, convey to a third party or one to the other, or seek a partition. Thus, prior to the agreement, neither

party had an absolute right to purchase from the other, nor did either have the right to insist that the property be sold and the proceeds divided. Hence by the agreement they surrendered some of those rights; that is, each was bound to sell to the other or both to a third party. And certainly the right of either party to insist upon a sale, whether to one or the other or to a third person, was wholly inconsistent with the continuance of the joint tenancy relationship. Likewise such a provision would appear to negate any intent of the survivor to succeed to the other's interest.

Of course it may well be argued that the very fact of the total failure of the parties to expressly provide for the contingency of death, as in the case of *McDonald* v. *Morley, supra,* upon which plaintiff strongly relies, presents a question as to whether the element of survivorship was destroyed by the agreement. But it would also appear that by the very same failure to so provide, considered in light of the other express provisions of the agreement, at least an ambiguity was thereby created which should be resolved by the introduction of extrinsic evidence concerning the true meaning of the parties.

Finally, it is hard to see how two persons in domestic difficulties, and desirous of settling their domestic problems as well as those relating to property, would have intentionally entered into an agreement such as the one before us which would have left the bulk of his or her estate to the other.

In light of the existence of such ambiguities and the obvious fact that a present controversy does exist as between the parties concerning the effect of the agreement, there can be no question but that plaintiff has stated a cause of action for declaratory relief under section 1060 of the Code of Civil Procedure, and we must conclude that the court erred in sustaining defendant's demurrer without leave to amend.

As an alternative ground for relief, plaintiff contends that the right to specific enforcement of the agreement survived the death of her intestate. However, in view of our conclusion as regards plaintiff's first contention, it becomes unnecessary to discuss this alternative ground.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 1, 1959.