Cora COFFEY, Plaintiff in Error,

v.

Leon PRICE, Dorothy Waterson, J. L. Price, Betty Buck and Patricia Lindsey, Defendants in Error.

No. 39579.

Supreme Court of Oklahoma.

March 12, 1963.

Wise & Ivester, Sayre, for plaintiff in error.

Charles M. Wilson, Sayre, for defendants in error.

PER CURIAM.

This is an appeal from the findings and decree of the District Court of Beckham County, Oklahoma, finding and decreeing that the mutual and conjoint will made by L. Coffey and Cora Coffey, husband and wife, constituted a binding contract between them, which contract had the effect of severing the joint tenancy title by which they held title to the lands involved in this action, and converted their title to a tenancy in common, effective as of the date of the execution of the will; and further decreeing that the undivided one-half interest in the land so held by L. Coffey went to his estate at his death.

L. Coffey and Cora Coffey were husband and wife when they acquired title to the following land in Beckham County, Oklahoma:

Northeast Quarter (NE¼) of Section 6, Township 8 North, Range 23, W.I.M., Beckham County, Oklahoma,

and they took title to this land under a joint tenancy with right of survivorship deed dated December 7, 1949.

On March 13, 1957, L. Coffey and Cora Coffey made what is denominated as their mutual and conjoint last will and testament. There are a number of provisions in the will by which Mr. and Mrs. Coffey disposed of all of their property, but Paragraphs III and IV of the will are the only ones that are pertinent to this case. Paragraph III provides as follows:

"We, and each of us, hereby will, bequeath and devise to the survivor of us the following described properties, to wit: * * *

"(2) A life estate in and to the Northeast Quarter (NE¼) of Section 6, Township 8 North, Range 23, W.I.M., Beckham County, Oklahoma."

Paragraph IV provides as follows:

"We, and each of us, agree that the remainder estate in * * * the Northeast Quarter (NE¼) of Section 6, Township 8 North, Range 23, W.I. M., Beckham County, Oklahoma, shall go to the children of Isabell Coffey Price, the deceased daughter of L. Coffey, and their names are as follows:

"Leon Price, Dorothy Waterson, J. L. Price, Betty Buck, and Patricia Lindsey, share and share alike."

L. Coffey died on the 28th day of August, 1957, and the aforementioned will was duly probated in the County Court of Beckham County, Oklahoma. In these probate proceedings Cora Coffey filed her election not to take under the terms of the will; and in the decree of distribution, the County Court recognized her election not to take under the will and also her rights as the survivor of the joint tenancy in the above described lands, and distributed to her the full title to the said Northeast Quarter of Section 6, Township 8 North, Range 23, as such surviving joint tenant.

Leon Price, Dorothy Waterson, J. L. Price, Betty Buck and Patricia Lindsey, the remaindermen named in said will appealed from the decision and decree of the County Court setting over the full title in the described lands to Cora Coffey. These appellants will hereinafter be referred to as defendants in error and the said Cora Coffey as plaintiff in error.

The assignment of error on appeal to the district court was that the joint and mutual will effected a termination or severance of

the joint tenancy provision in the deed and that upon the execution of the will each of them became an owner as tenants in common.

On trial de novo in the district court the court found that the joint tenancy deed to L. Coffey and Cora Coffey was a valid joint tenancy deed with the right of survivorship, but found "that the will was a contract between the parties, and was sufficient in law to sever the provisions made in the deed with reference to the survivorship clause." The court then held that the conjoint will was an agreement and contract between the parties which severed the joint tenancy ownership of the property as of the date of the will and that thereafter L. Coffey and Cora Coffey each became an owner of an undivided one-half interest in said property. The court then decreed the defendants in error to be the owners of an undivided two-thirds (⅔) interest in the one-half (½) interest in the property which the court found to be in the Estate of L. Coffey, deceased.

The evidence does not disclose any outside agreement or contract leading to the execution of the will, and the question for our determination is whether the joint will involved herein, within itself, constitutes a binding contract between Mr. and Mrs. Coffey.

█ The law is well settled in this jurisdiction that any person executing a conjoint or mutual will with another does so with notice given by 84 O.S.1961 § 52, that such will may be revoked by any of the testators in like manner with any other will. Paull v. Earlywine, 195 Okl. 486, 159 P.2d 556; Horton v. Cronley, Okl., 270 P.2d 306; Lyons v. Luster, Okl., 359 P.2d 567.

█ The law is also well settled in this jurisdiction that to attribute to joint will the quality of irrevocability, the burden is upon the beneficiaries claiming thereunder to make affirmative proof of the existence of contract, either by indisputable evidence, or by terms of the will itself. Horton v.

Cronley, supra; Lyons v. Luster, supra; Loflin v. Capps, Okl., 327 P.2d 443.

In the present case no evidence of an outside contract, either oral or written, was introduced which led to or pertained to the execution of the conjoint will.

The defendants in error cite and rely on the cases of McDonald v. Morley, 15 Cal.2d 409, 101 P.2d 690, 129 A.L.R. 810; Wardlow v. Pozzi, 170 Cal.App.2d 208, 338 P.2d 564; Carson v. Ellis, 186 Kan. 112, 348 P. 2d 807, and Berry v. Berry's Estate, 168 Kan. 253, 212 P.2d 283.

These cases are all distinguishable from the present case. The case of McDonald v. Morley, supra, involves a property settlement made before their divorce. The cases of Wardlow v. Pozzi, supra, and Carson v. Ellis, supra, wherein divorce decrees severed joint tenancy by severing unity of possession are not applicable to the facts in the present case.

In the case of Berry v. Berry's Estate, supra, the Supreme Court of Kansas held the joint and mutual will was contractual. We agree with the opinion in that case because the language in the body of the will clearly shows the will to be contractual and irrevocable. The opinion uses the following language:

> " * * * Here the testators specifically stated: ' * * * it being our desire to jointly dispose of our property in accordance with an agreement reached between us, we, * * * do hereby make, publish and declare this to be our joint and mutual and irrevocable will and we hereby declare it to be contractual. * * *' "

█ The present will contained no such language.

█ We are of the opinion and hold that there was no evidence, either oral or written, of sufficient force or effect to constitute a contract such as to prevent the surviving spouse from revoking the conjoint will and taking pursuant to the survivorship provisions of the deed.

The judgment is reversed and the District Court is directed to vacate its judgment and affirm the judgment of the County Court.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS and JACKSON, JJ., concur.

BLACKBIRD, C. J., and IRWIN and BERRY, JJ., dissent.

The court acknowledges the aid of Supernumerary Judge CLYDE M. FOLLOWELL in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.

IRWIN, Justice (dissenting).

Without considering the force and effect of the conjoint will of Mr. and Mrs. Coffey, upon the death of Mr. Coffey, Mrs. Coffey would take the entire joint tenancy estate under the original grant or instrument creating the joint tenancy to the exclusion of the heirs of Mr. Coffey. In other words, the joint tenancy estate would not become a part of the Estate of Mr. Coffey and Mrs. Coffey would take under the terms of the joint tenancy deed and not as an heir of Mr. Coffey. See Draughon v. Wright, 200 Okl. 198, 191 P.2d 921 and Mercer v. Mercer, Okl., 365 P.2d 554.

However, under the terms of the conjoint will, Mr. and Mrs. Coffey bequeathed and devised to the survivor a life estate in the property and agreed that the remainder would go to other named devisees. Without question, the terms of the conjoint will are wholly inconsistent with the right of survivorship provision in the joint tenancy deed for under the joint tenancy deed the survivor would take a fee simple title and under the terms of the will the survivor would take only a life estate.

The District Court, on appeal, found that the conjoint will was an agreement and contract between Mr. and Mrs. Coffey which severed the joint tenancy with right of survivorship and that each became the owner of an undivided one-half interest in the property and that an undivided one-half interest was part of the Estate of Mr. Coffey which was to be distributed under the terms of the will except as modified by the election of Mrs. Coffey to take under the laws of descent and distribution.

The majority opinion holds that to attribute to a joint will the quality of irrevocability, the burden was upon the heirs of Mr. Coffey to make affirmative proof of the existence of a contract, either by indisputable evidence, or by the terms of the will itself and that there was no evidence of sufficient force or effect to constitute a contract between Mr. and Mrs. Coffey which would prevent Mrs. Coffey from revoking the conjoint will and taking pursuant to the survivorship provision of the joint tenancy deed.

In my judgment, the majority of my associates has placed the wrong burden of proof upon the heirs of Mr. Coffey for I believe the only burden on the heirs of Mr. Coffey was to prove that the conjoint will was of sufficient force and effect to constitute an agreement and contract to sever or terminate the joint tenancy relationship (which the trial court found that the heirs sustained such burden); whereas, the majority opinion requires the heirs to prove that the conjoint will was of sufficient force and effect to constitute a contract which would prevent Mrs. Coffey from revoking the conjoint will.

I am of the further opinion that the question of revocation of the will by Mrs. Coffey is not before us as she has not revoked the will but has filed her election not to take under the will. In the case of In re Blaydes' Estate, 202 Okl. 558, 216 P.2d 277, we construed Title 84 O.S.1961 § 44, known as the "forced heir statute" and held:

"In this jurisdiction a husband and wife may not dispose of or otherwise limit by will the amount which the surviving spouse shall receive to less than that which such spouse would be

entitled to take under the law of intestate succession.

"A husband and wife, cannot by contract to make a conjoint will, and by the making of such will in pursuance thereto, nullify the provisions of 84 O.S. 1941, § 44, known as the 'forced heir statute.'"

In the opinion we said:

"A surviving spouse has no actual interest in the property of her spouse until the death of the latter and therefore has no existing right which she can dispose of by contract. Some courts hold that an election may be made prior to the death of the spouse but we think the sounder rule is that such cannot be done. To hold otherwise would be to say that the parties can do indirectly what the statute prohibits. * * *"

The above case was cited with approval in Crane v. Howard, 206 Okl. 278, 243 P. 2d 998.

It follows that Mrs. Coffey was entitled to elect to take under the laws of descent and distribution and not under the terms of the will, irrespective of any contractual obligations contained in the conjoint will. Therefore, in my judgment, the decisive issue is not whether Mrs. Coffey could elect to take under the will or under the laws of descent and distribution or revoke such conjoint will, but what constituted the Estate of Mr. Coffey. That is, did the parties contract to terminate the joint tenancy relationship or did they not? If they did so contract, the property is part of the Estate of Mr. Coffey, if they did not so contract, the property is no part of the Estate of Mr. Coffey but the separate property of Mrs. Coffey.

I am also of the opinion that where a joint tenancy relationship exists, such relationship may be terminated by contract between the joint tenants, even though such contract be testamentary in nature.

Title 32 O.S.1961 § 5, provides that either the husband or wife may enter into any transaction with the other and in 57 Am.

Jur. "Wills", Sec. 32, it is stated that an instrument in writing may be a contract respecting property in one part and testamentary in another part in relation to other and distinct property.

In Wardlow v. Pozzi, 170 Cal.App.2d, 208, 338 P.2d 564, it is said:

"There can be no question but that a joint tenancy may be terminated by express agreement between the joint tenants and an agreement between the tenants which, although it does not expressly terminate the tenancy, is inconsistent by its terms with one or more of the four essential unities of a joint tenancy will also be adjudged to be a severance thereof. * * * Therefore, any interference with the right of survivorship by the terms of the agreement will sever the joint tenancy relationship. McDonald v. Morley, 15 Cal.2d 409, 101 P.2d 690, 129 A.L.R. 810."

In McDonald v. Morley, supra, the Supreme Court of California said:

"At the time when Mr. and Mrs. McDonald made their agreement, they held title to the property 'as joint tenants'. Such an estate requires unity of interest, unity of title, unity of time, and unity of possession. * * * A distinguishing incident of it is the right of survivorship. * * * But by their contract the parties specifically provided that if either one of them died, the interest of that one should not go to the survivor but to the daughter. This is entirely inconsistent with an estate in joint tenancy, which was thereby terminated. * * * Thereafter, Mr. and Mrs. McDonald were tenants in common with separate descendible interests."

In Berry v. Berry's Estate, 168 Kan. 253, 212 P.2d 283, the Supreme Court of Kansas held:

"A husband and wife, being the owners as joint tenants with right of survivorship, and not as tenants in common, of eighty acres of real estate, ex-

ecuted their joint and mutual will, which by its very terms was declared to be contractual. By the provisions of the will, * * * the survivor was to take a life estate in all property of the deceased and upon the death of such survivor *all* property was to be divided between two sets of children named in the will. The husband died, the will was admitted to probate and upon final settlement of his estate the surviving widow claimed. full title to the eighty acres in question. *Held,* the terms of the contractual joint and mutual will effected a severance of the joint tenancy provision in the deed and upon the death of the husband the surviving widow took a life estate in the eighty acres with remainder over." (Emphasis ours.)

In the body of the opinion the Court said:

"This is not a case of a joint tenant attempting a severance of the joint tenancy by a testamentary devise to a third party, but rather we think it to be an agreement and contract, testamentary in form, that the survivor should take a life estate in all property however owned by the parties, with remainder over."

Based upon the foregoing reasons, I believe the issue before this Court is whether the trial court's finding and judgment that the conjoint will of Mr. and Mrs. Coffey was sufficient to constitute an agreement and contract to terminate the joint tenancy relationship should be affirmed under the applicable rules of appellate review and not whether the conjoint will was of sufficient force and effect to constitute a contract which would prevent Mrs. Coffey from revoking the will and taking under the joint tenancy deed. I therefore respectfully dissent to the opinion promulgated by a majority of my associates.

The above views are predicated on the assumption that the County Court and the District Court, on appeal, would have juris-diction to adjudicate the issues as I see them, although the question of jurisdiction may be an issue. See In re Griffin's Estate, 199 Okl. 676, 189 P.2d 933; and Roach v. Roach, Okl., 302 P.2d 121. However, since, in my judgment, the County Court and the District Court, on appeal, would have jurisdiction to determine the issues as set forth in the majority opinion, I find it unnecessary to express my views as to jurisdiction.

I am authorized to state that BLACKBIRD, C. J., and BERRY, J., concur in the views herein expressed.