Velma J. TWOMBLY, Plaintiff in Error,

v.

Arthur Lee TWOMBLY, Defendant in Error.

Jimmy Lee TWOMBLY, Plaintiff in Error,

v.

Arthur Lee TWOMBLY et al., Defendants in Error.

Nos. 43138, 43160.

Supreme Court of Oklahoma.

July 27, 1971.

Rehearing Denied Oct. 12, 1971.

Don Dale, Dale, Belanger & Wright, Guymon, for plaintiff in error Velma J. Twombly.

Frank Hensley, LaMar, Tryon, Sweet, Hensley & Field, Guymon, for plaintiff in error Jimmy Lee Twombly.

Ogden, Ogden & Board by Frank Ogden, Guymon, for defendants in error.

BLACKBIRD, Justice:

This appeal involves an action instituted by the defendant in error, Arthur Lee Twombly, hereinafter referred to as

"plaintiff", for the general purpose of obtaining title to a tract of land in the same quarter section as the Cimarron County homestead (SE¼ of Sec. 14, Twp. 2 N., R. 8 E.) of his now deceased grandparents, C. E. (Clarence) and Lucy A. Twombly.

C. E. Twombly, who, during his marriage to Lucy, acquired several tracts of Cimarron County land, deeded this homestead (and an additional 160 acres) to her many years before 1957, in which year he and Lucy proposed that plaintiff and his wife move into the smaller house on the quarter section and farm it "on the shares". Thereafter, plaintiff and his wife accepted the Twomblys' proposal and moved in about January, 1958, and were there until 1962 before moving away. During this approximately five-year period, C. E. and Lucy Twombly, in February, 1960, executed a will, which, in part, read as follows:

"LAST WILL AND TESTAMENT OF C. E. AND LUCY TWOMBLY.

"We the undersigned, being sensible of the uncertainty of life and the immutible certainty of death and being desirous of making disposition of all our property and wordly effect_ while yet in strength and health of body and mind, hereby make, publish and declare the following to be our last will and testament, hereby revoking and cancelling all other and former wills by us or eith__ of us at any time made.

"FIRST We direct the payment of all our just cebts and funeral expenses, including a re(a)sonable amount of (for) suitable grave marker.

"SECOND: We hereby give, devise and bequeath to the survivor of us, all property, both real and personal or mixed, *of which we or either of us may die seized, absolutely and in fee simple, without any restrictions whatsoever.* Provided, that *if any of said property shall remain undisposed of* at the death of both of us, the same shall pass to and be distributed to our children and grandchildren, as follows, to wit:

"It is our wish and we hereby direct that Arthur Lee Twombly, our grandson, have a tract of land in the SE¼ of Section 14, in Twp. 2 North of Range 8 East of the Cimarron Meridian, in Cimarron County, Oklahoma, described by me*ets* and bounds as follows to wit: Beginning at a point 60 rods West of the Southeast corner of said SE¼ and running thence West 20 rods along the section line, thence North 20 rods, thence East 20 rods, thence South 20 rods to the point of beginning.

"It is our further wish and we hereby direct that the remainder of said quarter section go to our son, Charlie Twombly, in absolute fee sim__e title. We further direct that our son George have the South half of Section 12 in Townshi__ 2 North of Range 8 East of the Cimarron Meridian, in Cimarron County, Oklahoma.

"We further hereby direct that at the death of both of us our grandson, Arthur Lee Twombly, is to have the SW¼ of Section 14 in Twp. 2 North of Range 8 and the SE¼ of Section 15, in Twp. 2 North of Range 8 East of the Cimarron Meridian, in said Cimarron County, Oklahoma.

\* \* \* \* \* \*

"FOURTH. It is our will and we hereby direct that after our death, none of said real estate shall be sold mortgaged, incumbered or the title be alienated for a period of twenty (20) years, provided, *however this prohibition shall not deprive us or eith(er) of us of the right to make any disposition of said property or any part thereof as we or either of us shall see fit.*

\* \* \* \* \* \*

"SEVENTH. We hereby nominate and appoint our sons George Twombly and Charlie Twombly sole executors of this our last will and testament without bond. If either of them shall predecease both of us the other shall act as such executor without bond.

"In Witness hereof, we have hereunto set ou*s* hands to this our last will * * *." (Emphasis added.)

Thereafter, on October 2, 1961, Lucy Twombly died, and in February, 1962, upon the petition of the Twomblys' sons, George and Charles Twombly, filed to institute Cimarron County's probate cause No. 1566, entitled: "IN THE MATTER OF THE ESTATE OF LUCY A. TWOMBLY, DECEASED", the above quoted will was admitted to probate, and these sons were appointed co-executors of said testatrix' estate.

During the same month, C. E. Twombly married the present Mrs. Velma J. Twombly. Thereafter, on July 17, 1963, the co-executors of Lucy's estate were discharged by the final decree entered that date in probate cause No. 1566, supra. Pursuant to said decree, the SE¼ of Section 14, supra, as well as two other quarter sections of land whose title was in Lucy's name at the time of her death, were distributed to her surviving former husband, C. E. Twombly, in accord with said decree's directions and finding that he "is the sole and only heir of said deceased entitled to share in and have her estate distributed to him * * *".

Thereafter, in March, 1965, C. E. Twombly executed a new will, which contained no devise to plaintiff. In September, 1966, Twombly died, and thereafter this new will was admitted to probate and George and Charlie Twombly were appointed executors of his estate in Cimarron County's probate cause No. 1777.

Thereafter, in December, 1966, plaintiff, Arthur Lee Twombly, instituted the present action, naming, as defendants therein, George and Charlie Twombly, both as individuals and as their deceased father's personal representatives, in addition to said testator's surviving widow, Velma, and certain of his lineal heirs. The above quoted joint will was attached to plaintiff's petition (along with other exhibits), and, after setting forth the above delineated facts, among others, plaintiff therein al-

leged, as his first cause of action, that, upon Lucy's death, title to the property described in said joint will vested under it, and that C. E. Twombly then became the trustee of all property, referred to in said joint will, for the devisees of it, therein named. Plaintiff's petition further alleged (under its paragraph "IV") that the joint will was executed pursuant to a previous oral agreement entered into by and between C. E. Twombly and Lucy Twombly. The petition also alleged (in brief substance) that by reason of the probating of said joint will and C. E. Twombly's receipt under it of more than $38,000.00 in excess of what he would have received had he not taken under it, the defendants claiming under him are estopped from asserting that the property therein devised "passed otherwise" than according to said will's provisions.

In plaintiff's petition, it was recognized that after Lucy's death, C. E. Twombly claimed to be the absolute and sole owner of the real estate described in the joint will, and that the final decree entered, as aforesaid, in cause No. 1566, supra, purported to vest the fee simple title to said real estate in him, but it was alleged that said decree misconstrued said will and was null and void; and plaintiff prayed that it be set aside and held for naught.

For a second cause of action, plaintiff alleged that when C. E. and Lucy Twombly induced him and his wife to move onto the aforementioned tract in the SE¼ of Section 14, supra, they entered into a "farming partnership" with him and orally agreed that, in consideration of their performing farm and ranch work there, and improving said farm, that Twombly and his wife, Lucy, would will plaintiff said tract in fee simple absolute. Plaintiff further alleged that the hereinbefore quoted provisions of the joint will, leaving the property to him, were incorporated in it pursuant to said agreement; that plaintiff performed his part of the agreement until Lucy Twombly's death in October, 1961, but that, after Velma and C. E. Twombly were married, they attempted to cancel the

agreement and caused the removal of plaintiff and his wife from said premises, without provocation, or fault, on their part. In this alleged cause of action, plaintiff prayed for a judgment which, in effect, would grant him specific performance of the alleged oral agreement to will the tract to him and would vest its title in him.

In his third cause of action, plaintiff's petition alleged, in substance, that he was entitled to have title to said tract and premises quieted in him; and he prayed for judgment for such relief, together with any other relief that the court might deem just and equitable.

One of the other grandsons of C. E. and Lucy Twombly, the defendant, Jimmy Lee Twombly, answered plaintiff's petition with a general denial. In the answer of the defendant, Velma J. Twombly (filed subsequent to her filing in probate cause No. 1777, supra, of an election to take under this State's laws of succession, rather than under her deceased husband's will of March, 1965), she denied that the joint will of C. E. and Lucy Twombly vested any property interest in plaintiff. She also denied that C. E. Twombly ever became a trustee of the properties described therein, as plaintiff alleged. She affirmatively pleaded the final decree in probate cause No. 1566, supra, as res adjudicata of C. E. Twombly's exclusive inheritance of, and title to, the fee simple title to all of said properties. Velma also denied the existence of the oral agreement plaintiff alleged between C. E. and Lucy Twombly, as well as the oral agreement he alleged between himself and the Twomblys, to devise the tract in question to plaintiff. This defendant further alleged, among other things in substance, that even if there had been such an agreement, it was unenforceable as a contract because without consideration, not in writing, and never partially performed.

In an amendment to said answer, Velma denied plaintiff ever had any right, title or interest in the property, and alleged that she owns an undivided one-fourth interest in it, and prayed judgment quieting said title.

With the pleadings joining its issues, as above indicated, the case came to trial without a jury in March, 1968. After plaintiff had introduced his evidence, the defendants demurred to it, and, when the court announced that his ruling thereon would be taken under advisement pending submission of briefs, all parties rested, without the introduction of any evidence by defendants.

Approximately three months later, the court entered a judgment (which contains no mention of defendants' demurrer to plaintiff's evidence) finding the issues in favor of plaintiff on his first and third alleged causes of action, ordering title to the subject tract conveyed to him, quieting his title against any and all claims of the defendants, and ordering the latter to surrender possession to plaintiff.

After the overruling of the motion, filed by the defendant, Velma J. Twombly, for a new trial, she and the defendant, Jimmy Lee Twombly, lodged separate appeals, docketed as this Court's causes numbered 43,138 and 43,160, respectively. Thereafter, the two appeals were consolidated by order of this Court. Our continued reference to the parties will be by name and/or trial court designation.

Under two different principal propositions, the defendants, Velma J. Twombly and Jimmy Lee Twombly, set forth in their separate initial briefs, they urge reversal of the trial court's judgment on the ground that it lacks sufficient evidentiary support and is contrary to law.

It is first argued in Velma's initial brief that her late husband, C. E. Twombly, had the power to dispose of all the property distributed to him under the terms of his and his first wife's (Lucy's) joint will, despite the will's provisions concerning other heirs' inheritance of such of the property as should "remain undisposed of at the death of both" of said will's testators. As plaintiff suggests that the quality of the

estate the will devised to its joint testators (whether it was a fee simple absolute, or a limited fee with remainder over) is immaterial, and he also suggests that, since Velma has elected not to take under C. E. Twombly's later will, she is in no position to urge its revoking effect on the previous joint will, we think it unnecessary to discuss the parties' arguments pro and con of whether or not the testators, by executing the joint will in the form and language there employed, intended to forego all future rights to make some different testamentary disposition of the property therein referred to.

In our opinion, any inquiry as to the import of the will's language need extend no further than to determine the soundness of the two theories upon which plaintiff, in the final analysis, relies for sustaining the trial court's favorable judgment (on his first and third alleged causes of action). These two theories are: (1) That the joint will was contractual in nature, appearing to have been executed pursuant to a binding oral agreement between C. E. Twombly and Lucy Twombly; and (2) That the execution of this will created a trust, of which plaintiff was a beneficiary as to the subject parcel of real estate, described by metes and bounds in the SW¼ of Section 14, supra.

The Oklahoma case upon which plaintiff places greatest reliance to support this last theory is Cook v. Hahn, 198 Okl. 364, 178 P.2d 894, in which this Court demonstrated that it is possible in this jurisdiction to draft a petition to obtain a joint will's enforcement, that will withstand attack on the grounds upon which the demurrer to plaintiff's petition in that case was predicated. The obvious basis of our conclusion, as to that petition's adequacy for stating a cause of action, was set forth in the two paragraphs of the opinion immediately preceding that conclusion's announcement. The first of these two paragraphs dealt with that part of the will—there referred to as its "pertinent part"—which provided that, if one of the testators survived the other, he or she was to inherit all of the

deceased testator's property, but that said property was to be used for the benefit of such survivor and the couple's daughter, as the survivor might see fit during his or her lifetime, and further provided that, if the daughter survived both, the property then remaining should be thereafter held in trust for the daughter by a certain Oklahoma City bank "as Trustee", for her use and benefit. The other consideration controlling our decision as to the petition's sufficiency to state a cause of action was its representation that the will was executed pursuant to a mutual contract between the two testators and that Mr. Hahn accepted benefits under it.

The will in the present case contains no provisions which are the equivalent of any this Court has ever construed as the basis of a trust for an heir; and it is our opinion that the will contains no provision for a trust.

Nor do we think the language of this joint will, and/or the evidence, relied upon to show that it was executed by C. E. and Lucy Twombly pursuant to a mutual contract between them, is sufficient for that purpose. Without further lengthening this opinion by describing the evidence in detail, we think it sufficient to say that we have thoroughly examined the record and find no such evidence that meets the standards required by our previous decisions. See Lyons v. Luster, Okl., 359 P.2d 567, and other cases therein cited. (As to the character of evidence, required for plaintiff to have prevailed on his second alleged cause of action, notice York v. York, Okl., 270 P.2d 656.) As it does not appear (as above inferred) that the subject property constituted a trust res, and it has not been established by evidence of the necessary character that C. E. Twombly was legally obligated by oral contract not to revoke his and Lucy's joint will, he was free to revoke it "in like manner with any other will" (84 O.S.1961, § 52) by executing his individual, later will.

As to plaintiff's argument that defendants are estopped to challenge his right to the subject property under the pro-

visions of the joint will, we are of the same opinion we expressed in the Lyons case, as follows:

"Since we are of the view that no contract is shown to have existed, the rule of estoppel as to contracts is not applicable here. * * *"

See also Coffey v. Price, Okl., 380 P.2d 537 (1st syll.).

While we have not attempted to delineate all of the arguments advanced by the defendants in support of the trial court's judgment, we have thoroughly considered them and have concluded that, in view of our announced conclusions as to the crucial issues herein described, those arguments are of insufficient force and relevancy to sustain the judgment. In accord with our determination that the trial court erred in rendering judgment for plaintiff on his first and third alleged causes of action, said judgment is hereby reversed; and this cause is remanded to said court with instructions to vacate it and render a new judgment in favor of defendants, quieting their title, as their interests may be established, against the claims herein asserted by plaintiff.

All the Justices concur.