525 P.2d 492 (1974)
Betty Kathryn BRADLEY, Individually and as Administratrix of the Estate of Betty Rea Mann, a/k/a Betty R. Mann, Deceased, et al., Plaintiffs-Appellees,
v.
Aaron C. MANN, a/k/a Aaron Cantrell Mann, and all unknown persons who claim any interest in the subject matter of this action, Defendant-Appellant.
No. 74-009.
Colorado Court of Appeals, Div. I.
May 29, 1974.
Rehearing Denied June 25, 1974.
Certiorari Granted August 26, 1974.
*493 C. H. Anderson, Edgar H. Brandenburg, Brush, for plaintiffs-appellees.
Clarence W. Button, Denver, Costello & Kofoed, P. C., Eugene F. Costello, David L. Kofoed, William R. Dowhan, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
The plaintiffs in this action are the administratrix of the estate, and children and sole heirs of Betty R. Mann (the mother). The defendant is their father. The action is one to quiet title in the plaintiffs to a one-half interest in the subject property.
The property in question is a family residence which was acquired in 1954 by the father and mother as joint tenants. It is not disputed that the parties held this property in joint tenancy during their marriage.
When the Manns were divorced in 1971, they entered into a stipulation which was to constitute a "full and complete settlement" between the parties with respect to, among other things, the division of property between the parties. The stipulation provided, with respect to the family residence, that it "shall remain in the joint names of the parties and the party residing therein shall pay all current expenses, including taxes pertaining to said residence." It further provided that the property "shall be sold and the proceeds divided equally between the parties" upon the occurrence of any one of three events: (1) the remarriage of the wife, (2) the attainment of age 21 by the youngest child of the couple, or (3) the mutual agreement of the parties, whichever event occurred first. The stipulation made no further provision for the disposition of the residence.
After the divorce, the mother continued to reside with her children in the family residence until her death in October of 1972. Very shortly after her death, the father went to the residence to inform the children that the house belonged to him. In response, the plaintiffs filed this action to quiet title to the property on the theory that the property settlement agreement had the legal effect of converting the joint tenancy into a tenancy in common with the result that the mother's interest in the property passed by descent to the plaintiffs.
Following trial to the court, judgment was entered in favor of the plaintiffs quieting title in the plaintiffs as tenants in common in fee simple of an undivided one-half interest in the subject property. The father appeals.
The single issue presented by this case is whether or not the stipulation and agreement entered into by the father and the deceased mother had the effect of converting the joint tenancy into a tenancy in common. We conclude that it did and affirm the judgment of the trial court.
The major distinguishing characteristic of a joint tenancy, as opposed to a tenancy in common, is the right of survivorship in each of the co-tenants. Upon the death of one of the co-tenants in joint tenancy, the entire undivided interest of the deceased passes, by operation of law, to the surviving co-tenant. See C.R.S.1963, 153-15-1; C. Smith & R. Boyer, Survey of the Law of Property 57.
The earlier cases tended to turn the determination of whether or not acts of co-tenants are sufficient to terminate a joint tenancy on an analysis of whether or not the acts destroyed one of the essential four unities of time, title, interest, or possession. See, e.g., McDonald v. Morley, 15 Cal.2d 409, 101 P.2d 690; Carson v. Ellis, 186 Kan. 112, 348 P.2d 807. However, the more modern trend, and, we believe the better analysis, is to focus on the intent of the parties with regard to the right of survivorship characteristic. Mamalis v. Bornovas, 112 N.H. 423, 297 A.2d 660; Wardlow v. Pozzi, 170 Cal.App.2d 208, 338 P.2d 564. Actions by the co-tenants which are inconsistent with the right of survivorship operate to terminate the joint tenancy. Therefore, the question becomes primarily one of ascertaining the intent and expectations of the parties with regard to that characteristic of joint tenancy.
*494 A provision for division of proceeds in the event of sale is not inconsistent with an intent to retain the joint tenancy relationship if the sale is conditional on the subsequent agreement of the parties. Nichols v. Nichols, 43 Wis.2d 346, 168 N. W.2d 876. Nor is obtaining divorce, by itself, an indication of an intent to terminate a joint tenancy ownership. See Witzel v. Witzel, 386 P.2d 103 (Wyo.); Annot., 64 A.L.R.2d 918.
However, where, as here, the parties in a divorce action enter into a property settlement which provides unconditionally for the ultimate sale of marital property and the division of proceeds, a joint tenancy by the parties in that property is thereby terminated. Mamalis v. Bornovas, supra; McDonald v. Morley, supra; Wardlow v. Pozzi, supra. Such disposition contemplates as a part of the permanent distribution of the marital property, a division of the equity into equal interests to each party. See Mamalis v. Bornovas, supra; Baade v. Ratner, 187 Kan. 741, 359 P.2d 877.
Here, the father argues that the statement in the stipulation that the residence was to remain "in the joint names of the parties" indicates the intent of the parties to continue the joint tenancy arrangement. However, the trial court correctly ruled that "the use of the expression `joint names of the parties' in the stipulation is not controlling evidence of intent to continue the joint tenancy thereafter, such language being equally applicable to describe the title as held by the parties as tenants in common . . . ."[1] The more important language in the stipulation is that which provides for the ultimate sale of the property and the division of the proceeds between the parties. The latter language indicates that neither party had the ultimate expectation of receiving the other's interest in the property upon that party's death, and the ownership of the property was thereby converted to a tenancy in common.
Defendant also argues that the trial court erred in admitting evidence other than the stipulation to show the intent of the parties. The findings of the trial court show a conclusion that the requisite intent to terminate the joint tenancy is apparent, primarily, from the stipulation itself. However, in view of the absence of any language in the stipulation dealing expressly with the right of survivorship, it was not error to admit extrinsic evidence on this issue. Wardlow v. Pozzi, supra.
Judgment affirmed.
SMITH and RULAND, JJ., concur.
NOTES
[1] Even if the agreement had used the words "joint tenancy," we would still be required to examine the remainder of the agreement to see whether it provided for a disposition which would be inconsistent with the right of survivorship. See Wardlow v. Pozzi, supra.