532 P.2d 368 (1974)
H. Wayne MANGUS, as Administrator of the Estate of Mary Louise Mangus, Plaintiff-Appellant,
v.
Victor W. MILLER and Colorado Boys Ranch Foundation, Defendants-Appellees.
No. 73-456.
Colorado Court of Appeals, Div. II.
December 17, 1974.
Rehearing Denied January 7, 1975.
Certiorari Denied March 10, 1975.
William E. Kenworthy, Denver, for plaintiff-appellant.
Kettelkamp & Vento, P.C., W. C. Kettelkamp, Jr., Pueblo, for defendant-appellee Colo. Boys Ranch Foundation.
Selected for Official Publication.
SMITH, Judge.
Plaintiff, administrator of the estate of Mary Louise Mangus, deceased, appeals from a judgment in a partition suit entered in favor of defendant Victor W. Miller, decedent's ex-spouse and defendant Colorado Boys Ranch Foundation. The trial court ruled that Victor W. Miller and Mary Louise Mangus held certain property in joint tenancy at the time of her death and decreed that title to the property had therefore passed by operation of law, upon the death of his ex-wife, to the defendant Miller who subsequently conveyed to Colorado Boys Ranch Foundation. We reverse.
Through a property settlement agreement, decedent and Miller were granted an *369 option to purchase the interest of the other in the property held in joint tenancy by the parties. Whether that agreement terminated the joint tenancy is the dispositive issue.
The controlling facts were stipulated in the court's pre-trial order, as follows: Mary Louise Mangus, formerly known as Mary Louise Miller, and defendant Miller were husband and wife, and they owned in joint tenancy certain real property in Fremont County, Colorado. They entered into an agreement which was intended to settle their property rights in connection with a pending divorce action. That property settlement was attached to and approved by the divorce decree subsequently entered. Defendant Miller remained in possession of the real property and paid rent to Mary Louise Mangus pursuant to the settlement agreement.
Subsequently, at a meeting held between defendant Miller and Mary Louise Mangus, together with their respective attorneys, defendant Miller shot and killed Mary Louise Mangus.[1] Shortly thereafter, defendant Miller executed a warranty deed purporting to convey all of the real property to defendant Colorado Boys Ranch Foundation, subject to a reserved life estate.
The settlement agreement provides that for a period of five years, Mary Louise Miller shall lease to Victor Miller "all of the above described property owned by her... said interest being one-half thereof, for the sum of $1.00 per year." Miller covenanted to pay the rental; to keep the buildings and structures located on the premises in good repair and insured against fire and other hazards; to pay the taxes thereon; and to keep and maintain the premises in a good ranchlike and workmanlike manner. Each party granted to the other the option to purchase his or her interest for cash by giving six months notice. The purchase price for one parcel was specified in the agreement. The price for the remainder was to be market value at the time the option was exercised. In the event the parties were unable to agree upon a price, at that time, the price was to be determined by arbiration. The agreement also provided:
"Paragraph 3. It is understood that each of the parties hereto is giving the other the option to purchase the one-half interest in and to the above premises owned by each of the parties hereto.
"Paragraph 4. This option shall be in full force and effect for a period of five years from this date unless sooner terminated by mutual agreement of the parties hereto, provided, that if the second party should decide to exercise her rights hereunder and first party desires to live upon the premises described in parcel 2, he shall be obligated to buy the same."
In a joint tenancy, upon the death of one of the joint tenants, the entire undivided interest of the deceased passes, by operation of law, to the surviving joint tenant. See C.R.S.1963, 153-15-1. In ascertaining whether a joint tenancy has been destroyed, resulting in a tenancy in common, we have recently adopted the modern test which focuses on the intent of the parties with regard to the right of survivorship characteristic. Bradley v. Mann, Colo.App., 525 P.2d 492; Accord, Mamalis v. Bornovas, 112 N.H. 423, 297 A.2d 660. Actions by the joint tenants which are inconsistent with the right of survivorship operate to terminate the joint tenancy. Bradley v. Mann, supra.
Prior to the agreement, the parties owned the land as joint tenants and, as such, neither party had an absolute right to purchase the other party's interest in the property. By the terms of the agreement, each party voluntarily surrendered some of his rights; that is, by the option agreement each was duty bound to sell to the other his or her interest in the property upon the giving of notice during the life of the option. The right of either party to insist upon a sale to one or the other is wholly *370 inconsistent with the continuance of a joint tenancy relationship. Wardlow v. Pozzi, 170 Cal.App.2d 208, 338 P.2d 564. The provisions of the settlement agreement are inconsistent with any presumed intent of the parties that the surviving ex-spouse, defendant Miller, should succeed, by operation of C.R.S.1963, 153-15-1, to the deceased spouse's interest.[2]
Therefore, we hold that a property settlement in a divorce action, which provides to either spouse an option to purchase property held in joint tenancy, demonstrates an intent of the joint tenants to terminate the joint tenancy, and converts it into a tenancy in common.
Judgment reversed and cause remanded for the entry of judgment not inconsistent herewith.
COYTE and PIERCE, JJ., concur.
NOTES
[1] C.R.S.1963, 153-2-13, is not applicable because of the disposition made in a crucial case arising from this incident.
[2] By enacting legislation providing that, absent a decree or stipulation to the contrary, joint tenancies are converted into tenancies in common by a divorce, at least two states have recognized that divorced spouses generally do not desire their interest in property held in joint tenancy to pass to their surviving ex-spouse. Ind.Code 31-1-12-17 (1971); Mich.Comp.Laws Ann. 552.102 (1967). See also Mamalis v. Bornovas, Supra.