237 P.2d 1050

**WORTHINGTON v. KOSS et ux.**

No. 7774.

Supreme Court of Idaho.

Nov. 20, 1951.

J. Ward Arney and James W. Ingalls, Coeur d'Alene, for appellant.

Harold S. Purdy and Robert V. Glasby, Coeur d'Alene, for respondents.

PORTER, Justice.

On September 12, 1948, respondents were, and subject to the transaction herein involved, continue to be the owners of a tract of land in Kootenai County, known as Tax No. 911. This tract of land contains five acres more or less, its greater length is east and west, and it lies immediately north of and adjacent to the present Pennsylvania Avenue of the City of Coeur d'Alene. It is admitted that on or about September 12, 1948, the parties hereto entered into an oral agreement whereby respondents agreed to sell to appellant a strip of land 100 feet in width off the west end of said tract. That is, appellant was to receive a frontage of 100 feet on Pennsylvania Avenue. The purchase price was paid and a deed delivered to appellant who went into possession.

The deed to appellant contains the following description: "Part of the SE 1/4

of NW 1/4 of Section 18, Township 50, North Range 3, W.B.M., described as follows: Commencing at a point 80 rods East and 30 feet North of the Southwest corner of the Northwest 1/4 of Section 18 Township 50 North Range 3 W.B.M., thence East 100 feet; thence at right angles North 296 feet; thence at right angles West 100 feet, thence at right angles South 296 feet to beginning. Being the West 100 feet of Tax # 911." An examination of the abstract in evidence discloses that the starting point of the description in this deed is the same starting point used to describe the five-acre tract of land known as Tax No. 911 in the deed to respondents and in the deeds to their predecessors in interest.

There is a purported street, referred to as 19th Street, running north and south along the west end of Tax No. 911 which purportedly occupies approximately the west 25 feet thereof. The starting point in the description contained in the deed delivered to appellant is approximately on the west line of said 19th Street. The deed included the land allegedly occupied by such street. It transferred to appellant a frontage of 100 feet on Pennsylvania Avenue measuring from the west side of 19th Street.

It is the contention of appellant that 19th Street is a public street, that the measurement of the land purchased by him should commence on the east line of 19th Street and that he has received only a frontage of 75 feet on Pennsylvania Avenue. He brought this action to compel respondents to deed to him additional frontage of 25 feet on Pennsylvania Avenue. Respondents contend that the purported 19th Street running north and south along the west end of Tax No. 911, is not in fact a public highway and that the deed delivered by respondents fully complies with the oral agreement.

At the close of the trial of the action the court found in effect that the so-called 19th Street along the west end of Tax No. 911 was not a pubic highway and that respondents had complied with their oral agreement. Judgment was entered for respondents. From such judgment, appellant has appealed.

The decisive question in this case is whether the purported 19th Street is in fact a public street. Appellant urges that it is for two reasons, first, that it is a public street dedicated by plat and, second, that it has become a public highway by use.

On and prior to April 8, 1907, George M. Stowe and Flora Stowe, husband and wife, were the record title owners of the tract of land now known as Tax No. 911. On said date, the Sherman Land & Improvement Company, Limited, a corporation, and the Stowes signed, acknowledged and certified a plat designated as East End Addition, Kootenai County, Idaho, and on April 16, 1907, filed such plat for record with the Recorder of Kootenai County.

The land platted lies immediately north and east of Tax No. 911. The plat and the description thereon show a street designated as 19th Street, running north and south. It is shown as 60 feet wide along the west side of the platted land but is narrowed to approximately 25 feet along Tax No. 911 and occupies approximately the west 25 feet thereof. Otherwise, Tax No. 911 was not platted. The platted land was not a part of the City of Coeur d'Alene, but was intended as an addition thereto.

Section 50–2502, I.C., prior to amendment in 1949, provided that no plat of an addition to any municipality should be accepted for record by the recorder of any county unless first submitted to the governing body of the municipality and accepted and approved by such governing body and such acceptance and approval written thereon. The record does not show that the plat of the East End Addition was submitted to the city council of Coeur d'Alene or that the same was ever approved and accepted by such city council. The record does not disclose that the City of Coeur d'Alene ever annexed the East End Addition as provided by Section 50–303, I.C., or passed an ordinance accepting and confirming the dedication whereby the streets designated on said plat became deemed public streets and under the control of the city council as provided by Section 50–1142, I.C.

On March 13, 1909, the Sherman Land & Improvement Company, Limited, filed a vacation of the said plat with the exception of three lots which had been sold to third parties and with exception of the streets shown on said plat including 19th Street. This vacation of plat was not joined in by the Stowes or by the owners of the lots sold. It does not appear from the record that such attempted vacation of plat, whether valid or otherwise, has any bearing on the rights of the parties to this suit.

Under date of April 27, 1906, George M. Stowe and Flora Stowe, his wife, executed and acknowledged a warranty deed to the five-acre tract in question in favor of one Pink C. Mashburn. This deed was not filed for record until June 5, 1907, some 50 days after the recording of the plat on April 16, 1907. Mashburn was living on the land in the years 1906 and 1907 and at the time the plat was made and recorded.

There is no evidence in the record as to when the warranty deed was delivered to Mashburn. In the absence of evidence to the contrary, a deed is presumed to have been delivered at the date of the instrument. 16 Am.Jur. 657, par. 387. This rule was discussed in Hiddleson v. Cahoon, 37 Idaho 142, at page 146, 214 P. 1042, at page 1042, as follows: "Many courts hold that a deed is presumed to have been delivered on the date of the instrument. When, however, the date of the acknowledgment, as is true of respondent's deed, is subsequent to the date of the instrument, it seems reasonable to presume, in the ab-

sence of any evidence to the contrary, that it was delivered not later than the date of the acknowledgment. 18 C.J. p. 414, § 493, and cases cited; 8 R.C.L. p. 1014, § 73. It must therefore be presumed, in the absence of any evidence of delivery, except the presumptions arising from the execution, acknowledgment, and recording of the deed, that respondent's deed was delivered at least as early as the date of its acknowledgment, which was the 8th day of August, 1918." The date of the warranty deed to Mashburn and the date of its acknowledgment are the same.

It thus follows that at the time the plat was filed, Pink C. Mashburn was the owner of the west 25 feet of Tax No. 911 which was attempted to be dedicated as a street by such plat. The Stowes had already parted with their interest therein. Mashburn did not join in the execution of the plat.

Section 50-2501, I.C., prior to amendment in 1949, described who could plat a tract of land, reading in part as follows: "When any owner or proprietor of any tract or parcel of land wishes to lay out a town site or an addition to any town, village or city or subdivision of out lots, he shall cause the same to be surveyed and a plat thereof made, * * *"

When the Sherman Land & Improvement Company, Limited, and the Stowes attempted to include the west 25 feet of Tax No. 911 as a part of their plat of East End Addition, as an extension of 19th Street, they were neither the owners nor proprietors of such strip of land.

Appellant points out that the dedication of the streets shown on a plat becomes complete and irrevocable by the owner when the plat is filed and lots sold with reference thereto. Boise City v. Hon, 14 Idaho 272, 94 P. 167; Hanson v. Proffer, 23 Idaho 705, 132 P. 573. Appellant then appears to urge that the plat in question having been filed prior to the recording of the Mashburn deed and three lots having been sold with reference thereto, the dedication to the public of 19th Street was complete and prior in time and right to Mashburn's later-recorded title. The record does not disclose the dates of the sales of the three lots to the two purchasers or the dates of their deeds. The record does disclose that such deeds were filed for record long after the recording of the Mashburn deed. The record will not sustain the position that the dedication of 19th Street was completed by the filing of the plat and the sale of lots with reference thereto prior to the filing of the Mashburn deed.

The public did not begin the use of 19th Street across Tax No. 911. The city did not grade or otherwise improve it. It appears to have been occupied by some trees and brush and to have had fences running across it up to the year 1948, when it was cleared by respondents for their own purposes. Since then there has been

some travel down a narrow portion thereof. There is no evidence in the record which would sustain a finding that 19th Street across Tax No. 911 has become a public highway by public use for the statutory period.

We conclude that the trial court did not err in holding that the west 25 feet of Tax No. 911 referred to as 19th Street, was not in fact, a public street. It follows that the deed from respondents to appellant complied with their oral agreement and gives to appellant the frontage of 100 feet on Pennsylvania Avenue required by the oral agreement. The judgment of the trial court is affirmed. Costs to respondents.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.