No. 20337.

THOMAS WILLIAM ALDEN *v.* GERTRUDE LEONA ALDEN.
(393 P.2d 5)

Decided May 25, 1964.

Messrs. PHELPS, HALL & SMEDLEY, for plaintiff in error.

Mr. EUGENE H. TEPLEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS controversy concerns a property settlement and an award of $1.00 per month alimony decreed by the trial court after a non-contested divorce decree was entered in favor of the wife on her cross-claim.

The record discloses that the parties had been married for 33 years and that the husband was 54 years of age and the wife 51 years of age at the time of the hearing.

There are numerous exhibits as well as a transcript of 1666 folios before us filled primarily with testimony by the parties and their witnesses about financial situations and spending habits of the parties. A difficult trial is apparent with disputes in certain material portions of the evidence. The final order was that two parcels of Denver property, one a residence and one a business building, be sold and the net proceeds, after certain adjustments, be divided equally between the parties. Certain other divisions of personalty were also decreed.

Various grounds are urged for reversal; however, they may be grouped for our consideration into three which are:

(1) That the court abused its discretion in dividing the property as it did;

(2) The court abused its discretion in granting the wife attorney's fees and the nominal alimony; and,

(3) That error was committed in three listed particulars in conducting the trial which in substance amount to an alleged culmination of attitude and conduct on the part of the trial judge, resulting in an assertedly unfair trial with a final order that is "oppressive and burdensome."

The evidence is that the wife had not only worked for

some time in the Alden Sign Company business with her husband but also that she had worked elsewhere during the marriage and had contributed substantial funds to help maintain the family which then consisted of a daughter, her husband and herself. It also appears that she had been in ill health during part of the marriage.

Mr. Alden contends that the business building involved, which is estimated to be worth $80,000.00, was received by him as an inheritance from his father. The record, however, shows that it was deeded with other property by his father to him and his sister in 1941; and, that in 1950 the sister, for a valuable consideration, conveyed her interest to Mr. Alden. He then in turn made a gift to Mrs. Alden and placed it in joint tenancy with her in the same year. It appears that after this action was commenced the wife destroyed the joint tenancy by conveyance to a third party who later reconveyed to her. The trial court properly found title to this building to be in the parties as tenants in common. As to the family home it appears that Mrs. Alden was allowed to live in it until it could be sold.

With reference to the divisions of property, the trial court heard the evidence and had before it the present status of the parties as well as their history of living together. It made what it believed to be a fair and equitable division of all the property, and we concur therewith, the award being amply supported by the evidence. Thus, there is no abuse of discretion as to this ground.

With regard to the attorney's fees and the nominal alimony we also perceive no error. In *Nunemacher v. Nunemacher*, 132 Colo. 300, 287 P.2d 662 (1955), it was said: "Matters of alimony and property settlement between husband and wife are within the sound discretion of the trial judge, and if supported by competent evidence will not ordinarily be disturbed on review. * * * We have uniformly held that we will follow the

trial court's findings in matters of this kind, if they have support in the evidence." See also *Green v. Green*, 139 Colo. 551, 342 P.2d 659 (1959); *Traynor v. Traynor*, 146 Colo. 70, 360 P.2d 431 (1961). The same is true as to the award of reasonable attorney's fees and proper alimony.

We have read the entire record and have reviewed the three alleged errors in the conduct of the trial asserted in the husband's brief. We find no merit in any of them and need not lengthen this opinion to discuss them in detail.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.