C-83.

THE FIRST NATIONAL BANK OF DENVER AND TEENA RUDOLPH AS CO-EXECUTORS OF THE ESTATE OF BELLE GROUSSMAN, AND TEENA RUDOLPH, INDIVIDUALLY *v.* STEPHEN W. GROUSSMAN AND ALAN GROUSSMAN, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF ERNEST GROUSSMAN, AND THE PURITAN PIE CO., A COLORADO CORPORATION.
(491 P.2d 1382)

Decided December 27, 1971.

HOFFMAN, GOLDSTEIN & ARMOUR, P.C., ABE L. HOFFMAN, for petitioners.

SHELDON, BAYER, MCLEAN & GLASMAN, GEORGE M. ALLEN, for respondents.

*En Banc.*

Per Curiam.

PETITION for writ of certiorari was granted in this case to review the decision of the Colorado Court of Appeals in *First National Bank v. Groussman,* 29 Colo. App. 215, 483 P.2d 398 (1971). We determined to consider the case on the allegations contained in the petition that the Court of Appeals had decided the matter in a way probably not in accord with applicable decisions of the Colorado Supreme Court.

After reviewing the findings and judgment of the trial court and the decision of the Court of Appeals in light of the full record presented, we now conclude that the Court of Appeals properly construed and applied the law as determined by this court.

■ Certiorari was also granted on the allegation that the Court of Appeals probably had misinterpreted the Colorado recording statute, C.R.S. 1963, 118-6-9. It is not necessary in this case to determine the effect of the recording statute on the gift of real estate here involved. Even if the written agreement had been recorded—which it was not—the provisions in the instrument did not restrict the grantor's right to alienate her interest in the property. Consequently, neither actual nor constructive notice of the agreement would have affected the rights of the grantees in this case. It is now determined that certiorari was improvidently granted.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.