## No. C-522

## Lyda Jean Carmack, a/k/a Lyda Jean Tubbs v. Roy V. Place, Executor of the Estate of Gladys Breeden, Deceased
(535 P.2d 197)

Decided April 28, 1975.                    Rehearing denied June 2, 1975.

Walton, Tammen, Hudson & Robinson, Norman E. Walton, for petitioner.

Moyers, Kirkman & Henley, William H. Kirkman, Jr., for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Petition for writ of certiorari was granted in this case to review the decision of the Colorado Court of Appeals in *Place v. Carmack,* 33 Colo. App. 411, 522 P.2d 592 (1974). The issue there was whether a deed executed and delivered by one joint tenant, but not recorded until after his death, is effective to sever the joint tenancy. The court of appeal held that it was not effective, and we reverse.

On May 25, 1946, Orville Breeden and his wife received a deed vesting title in them as joint tenants with the right of survivorship to 80 acres of land. Mr. and Mrs. Breeden occupied the property until June 8, 1971, when he died. She died on September 10, 1971, and the plaintiff (the respondent herein) is the executor of her estate.

On October 16, 1967, Mr. Breeden executed a deed conveying an undivided one-half interest in the property to the defendant (petitioner herein), his daughter. The deed was not recorded until June 14, 1971, six days after the death of Mr. Breeden. Mrs. Breeden had no knowledge of the deed prior to his death.

Plaintiff claims that Mrs. Breeden owned the entire 80 acres by right of survivorship. Defendant claims ownership of an undivided one-half interest as evidenced by the deed executed by Mr. Breeden before his death.

At the trial the facts as recited above were stipulated by the parties; and the plaintiff, relying thereon, rested his case without introducing any further evidence. Plaintiff had pleaded that there had not been a valid delivery of the deed. The court granted defendant's motion to dismiss, and held that, upon delivery of the

deed to the defendant, the joint of survivorship in Mrs. Breeden was destroyed, the joint tenancy having been severed. The court further held that the Colorado recording statute, C.R.S. 1963, 118-6-9,[1] was not applicable.

On appeal, the court of appeals held that the recording statute did apply, and therefore the deed was not effective as against Mrs. Breeden until it was recorded, by which time Mrs. Breeden was sole owner of the property by operation of law.

It is well established that an owner in joint tenancy is free to convey his undivided share of property so held, and that upon conveyance by one joint tenant to a third party, the latter becomes a tenant in common with the remaining joint tenant(s). *First National Bank of Denver v. Groussman,* 29 Colo. App. 215, 483 P.2d 398, *aff'd,* 176 Colo. 566, 491 P.2d 1382 (1971). *See also,* 4 *Powell on Real Estate,* § 618; and 64 A.L.R.2d 918. Further, in Colorado the failure to record a deed until after the grantor's death has no effect upon an otherwise valid conveyance. *American National Bank v. Silverthorn,* 87 Colo. 345, 287 P. 641 (1930).

Although at the trial level, the plaintiff denied delivery of the deed, he presented no evidence to rebut the presumption of delivery arising from recordation of a deed. *See White v. White,* 149 Colo. 166, 368 P.2d 417 (1962). Upon recording, this rebuttable presumption relates back to the date of the execution of the deed. *State v. Leecraft,* 279 P.2d 323 (Okla. 1955), *Worthington v. Koss,* 72 Idaho 132, 237 P.2d 1050 (1951). *See also* section 38-35-101(4), C.R.S. 1973.

The principal factor relied upon by the court of appeals in holding that the right of survivorship superseded the conveyance in this case is our recording statute which reads:

''All deeds, powers of attorney, agreements or other instruments in writing, conveying, encumbering or affecting the title to real property, certificates and certified copies of orders, judgments and decrees of courts of record may be recorded in the office of the recorder of the county where such real property is situated and no such instrument or document shall be valid as against any class of persons with any kind of rights, except between the

---

[1]Now section 38-35-109, C.R.S. 1973.

parties thereto, and such as have notice thereof, until the same shall be deposited with such recorder. In all cases where by law an instrument may be filed, the filing thereof with such recorder shall be equivalent to the recording thereof.'' C.R.S. 1963, 118-6-9.

The court of appeals included Mrs. Breeden in the ''class of persons with any kind of rights'' in the property, and thereby protected from an unrecorded deed. We cannot agree. Upon delivery of the deed, Mrs. Breeden had no right in the property transferred. As stated above, a joint tenant is free to alienate his undivided share of the property.

The purpose of the recording statute is clearly stated in C.R.S. 1963, 118-8-1[2]:

''to render titles to real property in every instance therein, more secure and marketable . . . so that subsequent purchasers . . . may rely on the record title, and so that the record title of the party in possession shall be sustained and not be defeated by technical or strict constructions.''

We agree with the dissent in the court of appeals, that the interpretation given this statute there, is in direct contravention of the stated purpose. Instead of enhancing the reliability of the record, it weakens it.

In the case before us, an examination of the records would reveal the original grant to Mr. and Mrs. Breeden, and a later conveyance from Mr. Breeden to the defendant of a one-half interest in the property. According to the record, defendant is the owner of this undivided one-half interest, although her title — if the court of appeals' decision is allowed to stand — would be vulnerable to proof that the former joint tenant had no notice of the conveyance. This would render the record extremely questionable whenever a severed joint tenancy appears. In cases where both of the former joint tenants are deceased, as in the case before us, actual notice could be difficult , if not impossible, to prove.

If the legislature intended to give a joint tenant a right to notice before a conveyance by another joint tenant could be valid, it could have expressly stated so. In the absence of that expression

---

[2]Now section 38-34-101, C.R.S. 1973.

of the General Assembly, we cannot agree with the interpretation of the court of appeals. We therefore hold that the notice or lack thereof to Mrs. Breeden, is irrelevant to the determination of validity of the conveyance. It is our ruling that the conveyance of Mr. Breeden to the defendant of the undivided one-half interest severed the joint tenancy, and destroyed as well any concomitant right of survivorship. It was a valid conveyance as between the grantor, his former joint tenant, and the grantee.

Judgment reversed and cause remanded to the court of appeals with directions that it affirm the judgment of the trial court.