920 P.2d 74

**Charles A. HILL and Dorothy D. Hill, husband and wife, Plaintiffs–Appellants,**

v.

**Keith SLIGAR, Defendant–Respondent.**

**No. 21514.**

Supreme Court of Idaho,
Twin Falls, November 1995 Term.

June 28, 1996.

Fuller & Williams, Twin Falls, for appellants. Timothy J. Williams argued.

Parsons, Smith, Stone & Fletcher, Burley, for respondent. William A. Parsons argued.

SILAK, Justice.

Keith Sligar (Sligar) owns several tracts of property bordering Salmon Falls Creek in Twin Falls County. He holds title to one lot, Lot 5, by a warranty deed executed and acknowledged on August 16, 1977, and recorded on September 29, 1977. Charles and Dorothy Hill (Hills), owners of land within the same subdivision as Lot 5, filed suit seeking a declaratory judgment as to the applicability of certain protective covenants to Lot 5. The original owners of Lot 5, Robert and June Ring (Rings) recorded these protective covenants after executing and acknowledging the deed to Lot 5 but before the deed was recorded. Upon cross motions for summary judgment, the district court concluded that the original owners lost all control of Lot 5 when they executed the warranty deed and had no legal right to later encumber the property with any protective covenants. We vacate and remand.

## I.

### FACTS AND PROCEDURAL BACKGROUND

The Rings owned a large tract of land bordering Salmon Falls Creek in Twin Falls County which they subdivided into a series of lots on both sides of the creek. To that end, the Rings recorded a Salmon River Ranches Map of Survey (the map) on August 1, 1977. On August 15, the Rings executed an amended Salmon River Ranches Map of Survey (amended map) adding enumerated protective covenants to all property within the subdivision, including Lot 5. One of the protective covenants forbade the use of property within the subdivision for commercial purposes, including commercial greenhouses.

Sligar owned property neighboring Salmon River Ranches upon which he had constructed greenhouses for the operation of a commercial venture. In April of 1977, in an effort to expand his business operations, Sligar entered into negotiations with and signed an escrow agreement with the Rings for the purchase of Lot 5 within Salmon River Ranches. On August 16, 1977, the parties executed and acknowledged a warranty deed for Lot 5. This warranty deed referred to the August 1, 1977 map which contained no reference to the protective covenants. Neither party produced any evidence that the Rings gave Sligar actual notice of any protective covenants that would apply to Lot 5.

On September 6, 1977, the Rings recorded the protective covenants and on September 19, 1977, they recorded the amended map. On September 29, 1977, Sligar recorded the warranty deed for Lot 5. Sligar's title commitment for Lot 5 specifically excluded from coverage the protective covenants contained in the amended map.

The Hills purchased Lot 2 of the Salmon River Ranches in 1989. By this time, Sligar had constructed approximately 50,000 square feet of greenhouses on Lot 5. In 1993, Sligar added an additional 12,000 square feet of greenhouses to Lot 5. Sometime thereafter, Robert Ring contacted the Hills and expressed his concern that Sligar's use of Lot 5 violated the protective covenants which he asserted burdened the property.

The Hills filed suit in district court seeking a declaratory judgment that Lot 5 was subject to the protective covenants as referenced by the amended map. Both parties submitted motions for summary judgment. The

district court concluded that after the execution of the warranty deed to Sligar, the Rings had no power to burden Lot 5 with protective covenants. Accordingly, the court held Lot 5 was not subject to any protective covenants and granted Sligar's motion for summary judgment. After the Hills filed a notice of appeal, they moved the district court for reconsideration. The district court entered a final order on summary judgment and an order denying the Hills' motion for reconsideration. The Hills appealed.

## II.

### ISSUES ON APPEAL

I. Whether the district court erred in granting Sligar's motion for summary judgment and denying Hills' motion for summary judgment.

II. Whether the court erred in determining that the deed from Ring to Sligar was delivered on August 16, 1977.

III. Whether the protective covenants were a conveyance first made.

## III.

### STANDARD OF REVIEW

The Idaho Supreme Court reviews a grant of summary judgment in the same manner as the district court when ruling on the motion. The Court determines whether there is any genuine issue as to a material fact and whether the moving party is entitled to judgment as a matter of law. *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). In most cases when opposing parties both move for summary judgment based on the same theories and supporting facts, they effectively stipulate that there is no genuine issue of material fact. *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 518 n. 1, 650 P.2d 657, 660 n. 1 (1982). However, for the reasons that follow, we conclude that a genuine issue of material fact exists concerning the date the Rings delivered the deed to Lot 5 which makes a grant of summary judgment inappropriate.

## IV.

### ANALYSIS

**A. A Genuine Issue Of Material Fact Concerning When The Rings Delivered The Deed For Lot 5 To Sligar Makes A Grant of Summary Judgment Inappropriate.**

The district court noted that delivery of a deed is an act signifying the grantor's relinquishment of dominion and control over the instrument. As a result, it reasoned that after delivery of the deed the grantor loses control over the property and is unable to subsequently encumber it. Thus, the district court concluded that the Rings could not place protective covenants on Lot 5 after delivery of the warranty deed to Sligar.

Valid delivery of a deed occurs when there is a delivery of the instrument itself to the grantee coupled with an intent by the grantor to pass immediate and present title to the property. *Hartley v. Stibor*, 96 Idaho 157, 160, 525 P.2d 352, 355 (1974). Absent evidence to the contrary, a deed is presumed to have been delivered on the date of the instrument. *Worthington v. Koss*, 72 Idaho 132, 135, 237 P.2d 1050, 1052 (1951) (*citing Hiddleson v. Cahoon*, 37 Idaho 142, 146, 214 P. 1042, 1042 (1923)).

In this case, the Rings both signed and acknowledged a warranty deed for Lot 5 on August 16, 1977. At his deposition, Robert Ring testified that he did not know what happened to the deed after he signed it, stating that "it was out of my jurisdiction." The district court noted there was no evidence that the Rings ever informed Sligar of the covenants to be placed on Lot 5. The execution and acknowledgement of the warranty deed coupled with Ring's testimony are sufficient evidence to raise a presumption that on August 16, 1977, a delivery of title occurred.

However, in this case there is evidence that the August 16, 1977 execution and acknowledgment date may not have been the date of delivery. In their motion for reconsideration, the Hills cited to testimony from depositions taken after the district court's grant of summary judgment which indicates

that Sligar may not have received the deed for Lot 5 until after the protective covenants had been recorded.

The Hills note that neither Robert Ring, Keith Sligar, nor the Rings' real estate agent could recall when Sligar received actual possession of the deed. As noted above, Robert Ring stated that after he signed the deed on August 16, it was "out of my jurisdiction." Although this statement indicates that on August 16, 1977, the Rings gave up possession of the deed, it does not indicate to whom possession of the deed was given. In this regard, the Rings' real estate agent testified that it was his common practice to deliver all documents at once and that he most likely delivered the deed on September 20, 1977, the date on which Sligar signed the deed of trust. Sligar confirmed that as concerns the land transactions for Lot 5 he recalls only the August 16, 1977 execution and the September 20, 1977 signing of the deed of trust. From this evidence, a genuine issue of material fact exists as to whether the deed to Sligar was delivered on August 16, 1977, or on September 20, 1977. As a result, we vacate the district court's grant of summary judgment to Sligar and remand for further proceedings.

**B. Because The District Court Did Not Consider The Applicability Of I.C. § 55–812, The Idaho Supreme Court Will Not Consider Whether The Protective Covenants Were A Conveyance First Made.**

Finally, the Hills urge the application of Idaho Code Section 55–812 warrants a summary judgment grant in their favor. Idaho is a "race-notice" jurisdiction for purposes of recording. I.C. § 55–812 provides:

> **Unrecorded conveyance void against subsequent purchasers.**—Every conveyance of real property other than a lease for a term not exceeding one (1) year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded.

A conveyance "embraces every instrument in writing by which any estate or interest in real property is created, alienated, mortgaged or encumbered, or by which the title to any real property may be affected, except wills." I.C. § 55–813. The Hills insist that the case before us is precisely the type of situation which the recording act seeks to resolve and argue that rather than inquiring into which instrument was acknowledged and delivered first, Idaho has in place a rule that the first to record wins.

The district court did not address this contention since it concluded that upon delivery the Rings were unable to subsequently encumber Lot 5. Because of the district court's lack of opportunity to address this issue and in light of our decision to remand, we decline to address the applicability of I.C. § 55–812 so as to allow the district court to address this argument in the first instance. *See Adkison Corp. v. American Bldg. Co.,* 107 Idaho 406, 411, 690 P.2d 341, 346 (1984) (because of decision to remand on other issues, Supreme Court declined to consider direct contract claim which the trial court failed to address so as to allow the issue to be tried on the merits).

**V.**

**CONCLUSION**

A genuine issue of material fact exists concerning the date on which the Rings delivered to Sligar the deed for Lot 5. On remand, the district court should follow the rule of law stated in this opinion regarding delivery of a deed. Accordingly, we vacate the district court's grant of summary judgment in favor of Sligar and remand for further proceedings. In accordance with proper appellate procedure we do not consider the applicability of I.C. § 55–812 so as to allow the district court to address the issue in the first instance.

Costs to appellant. No attorney fees on appeal.

McDEVITT, C.J., and JOHNSON and SCHROEDER, JJ., and TRANSTRUM, J. Pro Tem, concur.