975 P.2d 219

**IDAHO ASSOCIATION OF CHIRO-PRACTIC PHYSICIANS, INC.,**
Plaintiff–Appellant,

v.

**James M. ALCORN, in his capacity as Director of the Idaho State Department of Insurance; and the Idaho State Department of Insurance, Defendants–Respondents.**

No. 23787.

Supreme Court of Idaho,
Boise, October 1998 Term.

March 15, 1999.

Cosho, Humphrey, Greener & Welsh, Boise, for appellant. Chris Kronberg argued.

Hon. Alan G. Lance, Attorney General; Roger L. Gabel and Margaret R. Hughes, Deputies Attorney General, Boise, for respondents. Roger L. Gabel argued.

SCHROEDER, Justice

The Idaho Association of Chiropractic Physicians, Inc. (IACP) appeals from a grant of summary judgment in favor of James M. Alcorn and the Idaho State Department of Insurance (the Director, the Department, or collectively the respondents ), upholding the constitutionality of certain administrative rules challenged by the IACP on equal protection and due process grounds.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

In 1993 and 1994, the Idaho Legislature enacted the Small Employer Health Insurance Availability Act, I.C. § 41–4701, *et seq.*, and the Individual Health Insurance Availability Act, I.C. § 41–5201, *et seq.*, respectively, in response to a perceived crisis in the availability and affordability of health insurance to "small employers" and their workers, and to "individuals" who otherwise would go without insurance protection.

In conjunction with the Small Employer and Individual Acts, the legislature created "an independent public body corporate and politic" known as the Idaho small employer and individual health reinsurance program, I.C. § 41–4711(2), to be operated by a board of directors (Board) appointed by the Director. I.C. § 41–4711(3)(a). The Board was to "submit to the [D]irector a plan of operation and thereafter any amendments thereto necessary or suitable to assure the fair, reasonable and equitable administration of the program." I.C. § 41–4711(5). The Director was granted the authority to approve the Board's plan of operations. I.C. § 41–4711(6).

Pursuant to section 41–4712(1) and (2) of the Idaho Code (I.C.), the Director appointed a health benefit plan committee (Plan Committee) to recommend to the Board the form and level of coverages to be made available by small employers and individual carriers pursuant to I.C. §§ 41–4708 and 41–5208, including benefit levels, cost sharing levels, exclusions and limitations for the "basic" health benefit plan and the "standard" health benefit plan for the Small Employer and Individual Acts. I.C. § 41–4712(3). Once the Plan Committee completed its design of both a basic and standard plan to meet the small employer and individual markets, it was charged with presenting its recommendations to the Board for review. In turn the Board was to submit the plans to the Director for further review. If the Director approved the work of the Plan Committee and the Board, he was to enact his formal approval by promulgating rules and regulations in accordance with the Idaho Administrative Procedures Act (IDAPA). *See* I.C. §§ 41–4712(3)(b), –4715.

Pursuant to this statutory guidance, the Department engaged in the promulgation of rules for the implementation of the two Acts. The rules promulgated by the Department for both the Small Employer and Individual Acts included a section entitled "Limitations and Exclusions." Under this section, in both rules, the following language is set forth with respect to chiropractic services:

12. Spinal manipulation. Chiropractic services will be subject to one thousand dollars ($1,000) per year limit, subject to the policy deductible and co-insurance.

IDAPA 18.01.70.016.12 (small employer plans); IDAPA 18.01.73.011.12 (individual plans). The IACP brought an action for declaratory judgment and injunctive relief against the respondents, challenging on equal protection and due process grounds the constitutionality of the two IDAPA rules relating to chiropractic services. The IACP claimed that the language of these rules invidiously discriminates against chiropractors to the benefit of other similarly situated health care providers, and that the rules discriminate against a class of Idaho citizens who desire to have their musculoskeletal disorders treated by chiropractors.

The IACP moved for summary judgment pursuant to Rule 56 of the Idaho Rules of Civil Procedure, and the respondents served a cross-motion for summary judgment. The district court granted summary judgment to the respondents and denied summary judgment to the IACP. The IACP appeals, asserting that the provisions violate state and federal standards of due process and equal

protection, that the rules exceed or conflict with the statutory authority set forth in the Small Employer and Individual Acts, and that the rules are void for vagueness.

## II.

### THE RATIONAL BASIS TEST IS APPLI-CABLE TO THE CLAIM OF A VIO-LATION OF EQUAL PROTECTION.

▇▇▇ There are three standards for reviewing an equal protection challenge: strict scrutiny, means-focus, and rational basis test. Which of the three standards applies depends on the particular circumstances of the equal protection challenge. Clearly, the strict scrutiny test does not apply in this case because the discrimination alleged by the IACP does not involve a suspect classification, nor does it involve a fundamental right. *See Leliefeld v. Johnson,* 104 Idaho 357, 373, 659 P.2d 111, 127 (1983). The IACP argues that the intermediate level of scrutiny is applicable. The means-focus test requires that where the statute or regulation is discriminatory on its face, and where there is a patent indication of a lack of relationship between the regulatory classification and the declared purpose of the statute, a heightened scrutiny is required beyond the minimal rational basis test. However, this heightened level of scrutiny does not apply because there exists a valid relationship between the $1,000 limitation of chiropractic services and the statutory purpose of promoting the availability of health insurance coverage to small employers and individuals through the development of basic and standard health benefit plans. The $1,000 limitation relates to the purpose of developing affordable health care plans by controlling the costs to the insurance carriers, which in turn reduces the premiums individuals and small business employers must pay to be insured.

The Court reviews the IACP claim under the rational basis test which requires that a challenged regulation should be upheld so long as its objectives can reasonably be said to promote the health, safety and welfare of the public. *See id.* at 374, 659 P.2d at 128.

## III.

### STANDARD OF REVIEW

On appeal from an order granting summary judgment, the standard of review is the same standard used by the district court in ruling on the summary judgment motion. *Avila v. Wahlquist,* 126 Idaho 745, 747, 890 P.2d 331, 333 ( 1995); *Thomson v. Idaho Ins. Agency, Inc.,* 126 Idaho 527, 529, 887 P.2d 1034, 1036 (1994). All disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Avila,* 126 Idaho at 747, 890 P.2d at 333; *Thomson,* 126 Idaho at 529, 887 P.2d at 1036. Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

▇▇▇ Where opposing parties both move for summary judgment based on the same evidentiary facts and on the same theories and issues, the parties effectively stipulate that there is no genuine issue of material fact. *Hill v. Sligar,* 128 Idaho 858, 860, 920 P.2d 74, 76 (1996); *Riverside Dev. Co. v. Ritchie,* 103 Idaho 515 n. 1, 518, 650 P.2d 657, 660 n. 1 (1982). In such a case, summary judgment is appropriate even though conflicting inferences are possible, so long as all the evidence is confined entirely to the record. *AID Ins. Co. v. Armstrong,* 119 Idaho 897, 900, 811 P.2d 507, 510 (Ct.App. 1991).

## IV.

### THE RULES VIOLATE STATE AND FEDERAL EQUAL PROTECTION PROVISIONS.

▇▇▇ Contrary to assertions by the respondents, the IACP does not argue that there should be no cap on the type of services covered by the challenged regulations. The IACP maintains that any cap should be appli-

cable to any health care provider who performs the same services.

It is clear that the challenged regulations discriminate against chiropractors because of their status as chiropractors, not the nature of the services provided. The respondents acknowledge that if the type of services chiropractors provide were provided by a medical doctor (M.D.) or by a physical therapist in an M.D.'s office, the limitations would not apply. The respondents concede, however, that if an M.D. referred a patient to a chiropractor for the identical services, the cap would apply to the chiropractor because of his or her position as a chiropractor. There is no rational basis to say that a service provided by one health care professional is covered but the identical service provided by another health care professional is not covered.

## V.

### CONCLUSION

The decision of the district court on summary judgment upholding the rules against an equal protection argument is reversed. The Court does not address other arguments that have been raised. Costs are awarded to IACP. No attorney fees are allowed.

Chief Justice TROUT, Justice WALTERS and Justice Pro Tem JOHNSON, CONCUR.

Justice SILAK, DISSENTING.

I respectfully dissent. While I agree with the majority that the correct test for determining the validity of the IACP's equal protection challenge is the rational basis test, I disagree with the Court's analysis and result.

Under the "rational basis" or "rational relationship" test, the regulation or statute in question should be upheld as long as its objectives "can reasonably be said to promote the health, safety and welfare of the public." *Jones v. State Board of Medicine,* 97 Idaho 859, 871, 555 P.2d 399, 411 (1976). This test is generally used where the statute or regulation impacts social or economic areas, and in such cases the "question becomes whether the classification 'advances legitimate legislative goals in a rational fashion.'"

*Leliefeld v. Johnson,* 104 Idaho 357, 374, 659 P.2d 111, 128 (1983) (quoting *Schweiker v. Wilson,* 450 U.S. 221, 234, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981)). This Court noted in *Leliefeld* that the United States Supreme Court has held, with respect to economics and social welfare, that a state statute does not violate the Equal Protection Clause simply because a classification is imperfect: "If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Id.* at 374 n. 16, 659 P.2d at 128 n. 16 (quoting *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970)).

The IACP contends and the majority holds that there is no basis in fact to support a limitation or restriction on chiropractic services but not on other health care providers treating the same conditions. The IACP also argues that the record supports its contention that providing chiropractic care under the two statutory plans does not significantly affect the cost or availability of individual or small employer health insurance. In my view, the evidence is not sufficient for the Court to conclude that the $1,000 limitation is not rationally related to the promotion of public health or welfare. The Department of Insurance and the Director were charged with alleviating a crisis in the access and availability of health insurance to small employer groups and individuals who could not obtain insurance coverage in the traditional insurance marketplace. According to the record, the "basic" and "standard" insurance plans were never intended to replace traditional insurance policies, but rather were created to provide minimal levels of insurance for these groups. Limitations and exclusions of some services had to be made in order to develop affordable basic and standard insurance plans.

The regulations do not exclude chiropractic services, but instead provide for $1,000 in coverage for chiropractic services per year. This limitation is comparable to limitations found in policies in the traditional insurance market. The fact that 80% of the traditional "preferred" health insurance market in Idaho

provides either a $500 to $800 limit on chiro-practic benefits payable per year under a policy or a cap of ten visits per year, is very persuasive that the limitation here of $1,000 per year is rational and reasonable.

I believe that under a proper application of the rational basis test, the regulations in question can reasonably be said to promote the health, safety and welfare of the public, and therefore, do not violate the equal protection provisions of either the Idaho or United States Constitutions. Accordingly, I would affirm the district court's order granting summary judgment to the respondents.