**Koyo M. CAMACK, Plaintiff–Appellee,**

v.

**Andre CAMACK, Defendant–Appellant.**

No. 01CA1816.

Colorado Court of Appeals, Div. II.

Dec. 19, 2002.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

**1098**

William E. Myrick & Associates, Richard T. Galanits, Denver, Colorado, for Plaintiff–Appellee.

T.W. Cresswell, P.C., T.W. Cresswell, Lakewood, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

In this quiet title action, Andre Camack (son) appeals the trial court's judgment quieting title to a family residence (the property) in Koyo M. Camack (wife). We reverse and remand.

In 1987, wife and Ervin L. Camack, Sr. (husband) purchased the property in joint tenancy with right of survivorship, and at all times pertinent to this dispute the record title has remained in husband and wife as joint tenants.

In 1989, the marriage of wife and husband was dissolved. The decree of dissolution incorporated a separation agreement executed by both parties. The separation agreement addressed real property in a residual provision, which stated:

> Except as otherwise set forth herein, the parties have effected to their mutual satisfaction a division of all other property, *real and personal,* in which they had an interest, either singly or jointly. All such property which Husband and Wife now has [sic] in his or her control and possession shall be and remain his and her property respectively, free from any claim whatsoever on the part of the other. (Emphasis added)

The separation agreement also provided that the parties would execute additional documents as necessary:

> Each party shall execute any and all deeds, bills of sale, endorsements, forms, conveyances or other documents, and perform any act which may be required or necessary to carry out and effectuate any and all of the purposes and provisions herein set forth. Upon the failure of either party to execute and deliver any such deed, bill of sale, endorsement, form, conveyance or other document to the other party, the Clerk of District Court shall, by court or-

der, be appointed as a master with authority to execute such document.

Wife moved out of the property before the decree and has not resided there since 1989. Husband resided in the property until his death in 1995. It is undisputed that the property was, at the time of the execution of the separation agreement and the entry of the decree, in the sole possession and control of husband. Following husband's death, the property has been occupied by several of his relatives, including son.

Wife brought this quiet title action. Son filed a motion for summary judgment, arguing that the decree of dissolution incorporating the separation agreement extinguished wife's interest in the property. The trial court denied the motion, stating, however, in pertinent part:

> It is very clear that the separation agreement is part of the orders of the court. It's clear that the intent of the separation agreement is to divide all the marital property of the parties. . . . And generally, we know a party does not retain an interest in the other party's property unless it's specifically stated in the court's order dividing the marital property.

> This court finds that the divorce decree involving [husband] and [wife] divided the marital property as stated in the separation agreement. [Wife] did not retain an interest in the property in question. . . .

Based on the provision of the decree that each party would execute the documents necessary to carry out the property division, the trial court concluded that there were issues of fact concerning alleged postdecree events by which wife may have obtained an interest in the property.

At trial, a friend of husband testified that husband told him shortly before his death that he wanted wife to have the property after he died. Wife testified that husband's sister gave her the 1987 deed to the property and said that husband never removed her name from the title and that the property was hers. She also testified that she did not understand the divorce proceedings and decree when she signed the separation agreement because she did not understand or

speak English well. She finally testified that she left the property with only a suitcase and never thought to return to the property because she was scared of the people who lived there (husband and sons).

The trial court entered judgment for wife, concluding that she was the owner of the property by virtue of her joint tenancy right of survivorship.

The sole issue presented by this case is whether the decree of dissolution incorporating the separation agreement extinguished wife's interest in the property. We conclude that it did.

In a separation agreement and decree, it may be the better practice to describe specifically and divide real property. Here, however, wife admits that husband was in possession and control of the property at the time of the separation agreement and decree. The decree thus sets the property over to husband "free of any claim whatsoever on the part of [wife]." The separation agreement and decree were self-executing, that is, wife's interest in the property was transferred to husband by the separation agreement and decree, and no further action was required to accomplish that transfer as between husband and wife. The trial court concluded as much when it stated that following the entry of the decree, "[wife] did not retain an interest in the property in question."

Once a separation agreement is incorporated into a decree of dissolution, it becomes a part of the decree and cannot be modified as to the property distribution except by obtaining relief from judgment in accordance with the rules of civil procedure. C.R.C.P. 59, 60; § 14–10–122(1)(a), C.R.S.2002; *In re Marriage of Seely*, 689 P.2d 1154 (Colo.App.1984).

Wife argues that the separation agreement requires the parties to execute any deeds to carry out the purpose of the agreement, and therefore, following the dissolution, husband did not own the property free of wife's interest, but only had the right to compel wife to convey the property to him. This argument mischaracterizes the self-executing separation agreement and subsequent decree and also misapprehends the clear meaning of the

provision requiring the future execution of documents to "effectuate any and all of the purposes and provisions herein set forth."

The paragraph by which each party agrees to execute future instruments clearly provides, as applicable here, that wife will cooperate and perform such ministerial acts as may be required to provide husband the interest transferred to him in the separation agreement and the decree. It does not limit any other clause in the separation agreement or decree, including that which expressly transfers wife's interest to husband, nor does it limit husband's interest in the property or serve to restore any interest to wife.

Accordingly, we conclude that because the separation agreement and decree awarded the property solely to husband, the agreement was self-executing, and wife retained no interest in the property, the trial court erred as a matter of law in awarding wife title to the property by virtue of survivorship as a joint tenant. The property should pass to husband's successors.

We note that the General Assembly, in apparent recognition that not all matters are implemented or effectuated following the entry of a decree of dissolution, has provided that a decree of dissolution of marriage terminates bequests between spouses included in wills, § 15–11–804(2), C.R.S.2002; and the courts have reached the same conclusion applying the statute to designations of beneficiaries on life insurance policies. *In re Estate of DeWitt*, 54 P.3d 849 (Colo.2002).

Having so concluded, we need not address the equitable doctrines of laches and estoppel. These equitable arguments relate primarily to husband's failure to request a conveyance.

To the extent the trial court found waiver based on husband's failure to request a deed from wife, we have already concluded the separation agreement and decree were self-executing, and no further act was necessary as between the parties to terminate wife's interest in the property. To the extent the trial court also relied on the testimony that

husband expressed an intent shortly before his death that wife have the property following his death, we note that the statute of frauds requires conveyances of present interests to be in writing, § 38–10–106, C.R.S. 2002; and the statute of wills requires written conveyances of interests to take effect upon death, § 15–11–502, C.R.S.2002.

Wife's request for attorney fees, damages, and costs is denied.

The judgment is reversed, and the case is remanded for entry of judgment quieting title in husband's successors.

Judge CASEBOLT and Justice ERICKSON,* concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.