Lucy I. CANTERBURY, a/k/a Ima J. Mount, a/k/a Lucy Imigean Canterbury, Plaintiff–Appellee,

v.

Frank J. KOVACICH and Carolyn A. Kovacich, Defendants–Appellees,

and

Estate of Terrell Taylor, Defendant–Appellant.

No. 02CA0197.

Colorado Court of Appeals, Div. II.

March 27, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24-51-1105, C.R.S.2002.

Dufford & Brown, P.C., Joanne Herlihy, Denver, Colorado, for Plaintiff–Appellee.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

No Appearance for Defendants–Appellees.

Fredrickson & Johnson, P.C., Bryan T. Fredrickson, Canon City, Colorado, for Defendant–Appellant.

Opinion by Judge RULAND.*

The personal representative for defendant, the estate of Terrell Taylor (decedent), appeals from the judgment determining that the estate does not hold any title in certain real property. We affirm.

The relevant facts are not in dispute. The property at issue consists of approximately 666 acres that are used for producing hay and grazing livestock. In 1991 decedent was the sole owner of the property, and he conveyed the title by warranty deed to himself and plaintiff, L. Canterbury, as joint tenants.

In 1997, decedent signed a quitclaim deed that purported to transfer the property to himself and plaintiff as tenants in common. The deed stated: "It is my intention by this deed to sever the joint tenancy created by the 1991 deed and to create a tenancy in common."

Based upon these facts, the trial court concluded that the 1997 deed failed to terminate the joint tenancy as a matter of law. The personal representative contends that this ruling was error. We disagree.

The ownership of real property in the form of joint tenancy is authorized and controlled by statute. Section 38–31–101, C.R.S. 2002; *Smith v. Greenburg,* 121 Colo. 417, 218 P.2d 514 (1950). This form of ownership is different from tenancy in common primarily because of the right of survivorship. *See Bradley v. Mann,* 34 Colo.App. 135, 525 P.2d 492 (1974), *aff'd,* 188 Colo. 392, 535 P.2d 213 (1975). That is, if one joint tenant dies, his or her interest is transferred to the surviving tenant or tenants by operation of law. *See Mangus v. Miller,* 35 Colo.App. 115, 532 P.2d 368 (1974).

A joint tenancy can be created if the owner of real estate conveys the title to

§ 24–51–1105, C.R.S.2002.

himself and a third person as joint tenants. *See* § 38-31-101(1), C.R.S.2002. Conversely, under certain circumstances, the joint tenancy form of ownership can be terminated as between the tenants if one tenant conveys his or her interest to a third party. *See Carmack v. Place,* 188 Colo. 303, 535 P.2d 197 (1975). In that event the third party and the other tenants become tenants in common. *See Alden v. Alden,* 155 Colo. 51, 393 P.2d 5 (1964).

However, those courts that have addressed the issue are not in agreement whether a joint tenant can terminate the joint tenancy by simply signing a deed that purports to convey title to that individual as a tenant in common. *See* Wendy Evans Lehmann, Annotation, *Severance or Termination of Joint Tenancy by Conveyance of Divided Interest Directly to Self,* 7 A.L.R.4th 1268 (1981). We conclude that such a deed does not terminate the joint tenancy in this jurisdiction.

■ As noted, the principal feature of joint tenancy ownership is the survivorship aspect. If the tenants *mutually* agree to eliminate that feature, proof of the agreement is sufficient, and other formalistic requirements are not imposed. *See Bradley v. Mann, supra; see also Camack v. Camack,* 62 P.3d 1097 (Colo.App.2002). Indeed, mutual acts of the joint tenants that are inconsistent with the right of survivorship may be sufficient. *See Mangus v. Miller, supra.*

We find no such trend, however, in the Colorado appellate decisions when one joint tenant acts alone and without the agreement of the other. Instead, in *Estate of Lee v. Graber,* 170 Colo. 419, 462 P.2d 492 (1969), the Colorado Supreme Court described the rights of each joint tenant as "fixed and vested" at the time the joint tenancy is created, and the court noted that the grantor in a joint tenancy deed who is named as one of the grantees no longer has the power to exercise absolute dominion over the property.

■ If this court were to uphold the unilateral effort here by one joint tenant to terminate the joint tenancy, we would approve a form of dominion over plaintiff's rights as a surviving joint tenant. We would also ignore the general conveyancing rule that a deed in which the grantor and the grantee are the same person transfers no title or interest to the grantee different from that already held by the grantor. *See Krause v. Crossley,* 202 Neb. 806, 277 N.W.2d 242 (1979). We view that result as inconsistent with the rationale of *Estate of Lee v. Graber.*

Contrary to the personal representative's contention, we do not read *First National Bank v. Energy Fuels Corp.,* 200 Colo. 540, 618 P.2d 1115 (1980), as support for his contention. There the supreme court addressed the rights of joint tenants when a judgment lien against one tenant is foreclosed and other liens created by both tenants are outstanding. The court acknowledged in dictum that a joint tenancy can be terminated if one tenant conveys his or her interest to a third party. The court did not suggest, however, that the tenant could convey to himself and obtain the same result.

Under these circumstances, we agree with the trial court's ruling.

The judgment is affirmed.

Judge NEY and Judge MARQUEZ concur.