24CA0323 Baker v Rincon 11-14-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0323
El Paso County District Court No. 23CV30775
Honorable Eric Bentley, Judge

---

Rachel Elizabeth Baker,

Plaintiff-Appellee,

v.

Eduardo Ivan Rincon,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE GOMEZ
Dunn and Navarro, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 14, 2024

---

Modern Family Law, Craig R. Valentine, Colorado Springs, Colorado, for Plaintiff-Appellee

Janko Family Law, Sabra Janko, Colorado Springs, Colorado, for Defendant-Appellant

¶ 1     Defendant, Eduardo Ivan Rincon, appeals the judgment entered in favor of plaintiff, Rachel Elizabeth Baker, following a trial to the court.  Rincon contends that the trial court reversibly erred by (1) determining that he was unjustly enriched by Baker's conveyance of a one-half undivided interest in her house to him and (2) not considering the rent payments Baker received from others who lived in the house in its calculation of Rincon's equitable share of the house.  We disagree and affirm.

## I.     Background

¶ 2     Baker and Rincon were in a romantic relationship for about five years, from sometime in 2018 to March of 2023.  In early 2021, Baker purchased a house and took out a mortgage on it.  Baker was the sole owner of the house and the sole person responsible for the mortgage payments.

¶ 3     Baker and Rincon lived in the house together, along with several other friends and family members, all of whom paid rent to Baker.  Rincon initially paid $500 per month in rent, but it wasn't revealed how much the other people paid.

¶ 4     The house needed substantial work, so Baker made significant improvements to it with the help of friends and family. Rincon also helped with some of the improvements.

¶ 5     In April 2022, Baker executed a quitclaim deed conveying a one-half undivided interest in the house to Rincon as joint tenants. Baker recorded the deed. Baker later added Rincon to the title in response to, as the trial court described it, "[Rincon's] repeated demands that she do so or he would leave the relationship." Baker also recorded this transaction. Afterwards, Rincon began paying $750 per month in rent, but he didn't take on any other obligations relating to the house.

¶ 6     In March 2023, the couple broke up, and Rincon moved out of the house and stopped paying rent.

¶ 7     Baker then brought this action to quiet title on the house based on the transfer to Rincon having been a gift conditioned on a marriage that never took place. She also brought claims in the alternative to partition the house and for unjust enrichment. Rincon counterclaimed for breach of a settlement agreement the parties had allegedly entered into relating to the house.

¶ 8     Following a trial to the court, the court orally ruled from the bench. The court rejected Baker's claim to quiet title, rejected Rincon's counterclaim, and reserved a ruling on Baker's partition and unjust enrichment claims.

¶ 9     In a written order, the trial court resolved the two remaining claims. The court first addressed the partition claim by calculating Rincon's and Baker's equitable shares for partition of the house; based on the court's calculations, Rincon's share was $42,456. Then, turning to the unjust enrichment claim, the court found that Rincon was unjustly enriched because he had coerced Baker into executing the deed and adding him to the title in order to keep their relationship going. The court concluded that "[t]he appropriate remedy . . . is for Rincon to quitclaim his interest in the [p]roperty back to Baker and to receive, in turn, an amount representing his contribution to the [p]roperty after he was added to the title." The court determined that Rincon was entitled to $4,000, calculated by adding $2,000 in additional rent he had paid over the eight-month period between when he was added to the title and when he moved out (the additional $250 he paid each month over the $500 he'd

3

previously paid each month) and $2,000 for the work he put into improvements in the house.

¶ 10    Accordingly, the court entered judgment directing Baker to pay $4,000 into the court registry and directing Rincon to execute a quitclaim deed to the property and deliver it to the court registry.

## II.    Unjust Enrichment

¶ 11    Rincon first contends that the trial court abused its discretion by determining that he was unjustly enriched.  Specifically, he argues that the court erroneously found Baker's conveyance of an interest in the house was the result of coercion.[1]  We aren't persuaded.

### A.    Standard of Review and Applicable Law

¶ 12    Unjust enrichment is "a judicially-created remedy designed to undo the benefit to one party that comes at the unfair detriment of another." *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008). Unjust enrichment claims require the trial court to "engage in fact-based inquiries and make 'extensive factual findings.'" *Indian*

---

[1] While Rincon frames his argument as a challenge to any findings of coercion, duress, or undue influence, we perceive his argument to be more cognizable as a challenge to the trial court's determination on the unjust enrichment claim.

*Mountain Corp. v. Indian Mountain Metro. Dist.*, 2016 COA 118M, ¶ 26 (quoting *Lewis*, 189 P.3d at 1140-41).

¶ 13 Because the power to craft equitable remedies lies within a trial court's discretion, we review the court's factual findings and its determination that a party was unjustly enriched for an abuse of discretion. *Id.* A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair or is based on a misapprehension or misapplication of the law. *Far Horizons Farm, LLC v. Flying Dutchman Condo. Ass'n*, 2023 COA 99, ¶ 17. However, we review de novo whether the trial court applied the proper legal test for determining the existence of unjust enrichment. *Redd Iron, Inc. v. Int'l Sales & Servs. Corp.*, 200 P.3d 1133, 1136 (Colo. App. 2008).

¶ 14 To prevail on a claim for unjust enrichment, the plaintiff must prove that "(1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation." *Gravina Siding & Windows Co. v. Gravina*, 2022 COA 50, ¶ 34 (quoting *Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n*, 2016 CO 64, ¶ 63). Where a claim involves a "failed gift or

5

failed contract between close family members or confidants" who share a "mutual purpose," the third element doesn't require malfeasance. *Lewis*, 189 P.3d at 1142. Instead, that element may be satisfied "when one party benefits from an action that is a significant deviation from that mutual purpose." *Id.* at 1143.

### B. Application

¶ 15 In assessing Baker's unjust enrichment claim, the trial court noted that the first two elements were satisfied because "Rincon unquestionably received a substantial benefit at Baker's expense when she added him to the title of the [p]roperty." Accordingly, the court focused on the third element — that is, whether it would be unjust for Rincon to retain the benefit.

¶ 16 Relying largely on the supreme court's opinion in *Lewis*, the trial court reasoned,

> As in the *Lewis* case, this case involves a "failed gift" between — if not family members — intimate partners. As in *Lewis*, the gift was made with a "mutual purpose": it was intended, as Rincon demanded, to prove Baker's commitment and to keep Rincon from leaving the relationship. Further, it was the product of a coercive relationship, and it was specifically the result of coercion. And the mutual purpose of the gift — to serve as the glue that would keep the relationship going —

6

was defeated when the relationship ended 11 months later, in March 2023. The result was that Rincon was left with a very substantial benefit that he had obtained by coercion and that he in no way equitably deserved. Under these circumstances, it would be grossly unjust for Rincon to retain the benefit at Baker's expense.

¶ 17    Rincon's challenge to the court's determination of unjust enrichment is focused on "whether coercion was validly found" and "whether the coercion rose to the level of behavior that should make performance on a property transfer unfair by an adult with full capacity and a free ability to make choices."

¶ 18    As a preliminary matter, we conclude that Rincon's challenge is misplaced to the extent that it relies on the law of duress and undue influence. The trial court didn't invalidate the quitclaim deed from Baker to Rincon based on a standalone determination that Baker had executed it under duress or as a result of undue influence. *See generally Benway v. Nat'l State Bank of Boulder*, 357 P.2d 912, 913-14 (Colo. 1960); *First Nat'l Bank of Denver v. Groussman*, 483 P.2d 398, 401 (Colo. App. 1971), *aff'd*, 491 P.2d 1382 (Colo. 1971). Instead, the court determined, under the law of unjust enrichment, that Rincon received a benefit at Baker's

expense under circumstances that would make it unjust for Rincon to retain the benefit without commensurate compensation.

¶ 19    Turning to the trial court's analysis of unjust enrichment — and, in particular, its finding that Baker proved the third element of that claim — we conclude that the court didn't abuse its discretion. The court applied the correct test, reciting the three required elements and citing the supreme court's analysis in *Lewis* as to how the third element may be satisfied in cases involving failed contracts or gifts between close family members or confidants. And the record supports the court's findings — including the challenged findings that Baker's transfer of a one-half undivided interest in the property to Rincon "was the product of a coercive relationship" and "was specifically the result of coercion." While Rincon cites evidence that could've supported findings in his favor on this point, the trial court was entitled to rely on other evidence, such as the following testimony from Baker:

- She didn't want to deed half the house to Rincon, but he threatened to leave the relationship if she didn't do so.

- Rincon demanded, as a condition to get back together after they'd briefly broken up, that she send him a text message

8

saying he'd get half the house if something happened between them.

- She sent two emails to her realtor about dividing the house with Rincon at Rincon's demand, as she was crying and he was standing over her.

- Rincon coerced her in other areas of her life, such as making her delete her Instagram account and stop talking to friends and family, by threatening to break up with her.

¶ 20    We therefore perceive no abuse of discretion in the trial court's determination of unjust enrichment or in its finding of coercion in support of the third element of unjust enrichment.

### III.    Partition

¶ 21    Rincon also contends that the trial court abused its discretion by not including the rental payments Baker received from other people living at the house in calculating Rincon's equitable share of the house.  We decline to address this issue because any error was harmless.

¶ 22    "We will deem an error harmless, and thus will not reverse a judgment, unless the error resulted in substantial prejudice to a party." *State Farm Mut. Auto. Ins. Co. v. Goddard*, 2021 COA 15,

9

¶ 56; *see also* C.R.C.P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

¶ 23    The trial court's judgment wasn't based on its calculation of Rincon's equitable share of the house.  Instead, after calculating each party's respective equitable share, the court turned to the issue of unjust enrichment, found for Baker on that claim, and entered judgment accordingly.  Because we found no error in the court's unjust enrichment determination, and that determination gave rise to the judgment the court ultimately entered, any error in the court's calculation of Rincon's equitable share was necessarily harmless.  *See Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 601-02 (Colo. App. 2007) (because the plaintiffs prevailed on one claim, any error in addressing an alternative theory of liability that wouldn't entitle them to any additional damages was harmless).  And because any potential error was harmless, we decline to consider this issue.  *See State Farm Mut. Auto. Ins. Co.*, ¶¶ 57-63 (declining to consider an issue where any error was harmless).

## IV. Appellate Attorney Fees

¶ 24    Finally, we consider Baker's request for an award of her appellate attorney fees under section 13-17-102(4), C.R.S. 2024, which authorizes us to assess attorney fees upon finding that a party or attorney brought a civil action that was, in whole or in part, substantially frivolous, groundless, or vexatious.

¶ 25    Baker asserts that the first issue raised by Rincon was frivolous.  Although we have resolved that issue in Baker's favor, we do not find his argument on the issue to have been frivolous.  *See Calvert v. Mayberry*, 2019 CO 23, ¶ 45 (An appeal is frivolous if "there are no legitimately appealable issues because the judgment below 'was so plainly correct and the legal authority contrary to the appellant's position so clear'" or if "the appellant 'fail[s] to set forth . . . a coherent assertion of error, supported by legal authority.'" (quoting *Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006))) (alteration in original).

¶ 26    Baker also asserts that Rincon's opening brief didn't comply with the appellate rules requiring identification of the applicable standard of review and the precise location where an argument was preserved.  *See* C.A.R. 28(a)(7)(A).  While Rincon's opening brief may

not have fully complied with these requirements, the deficiencies in his brief didn't hamper our ability to conduct a meaningful review of the issues raised in the appeal. *See In re Parental Responsibilities Concerning D.P.G.*, 2020 COA 115, ¶ 14. Nor do we conclude that any deficiencies rendered the appeal frivolous.

¶ 27 Accordingly, we decline to award attorney fees in this appeal. However, we caution counsel to be careful in the future to abide by the appellate rules.

## V. Disposition

¶ 28 The judgment is affirmed.

JUDGE DUNN and JUDGE NAVARRO concur.